No. 3455

Second Circuit
(Second Division)

UNITED SHOE STORES CO., INC., v.
DRYER

(June 11, 1931. Opinion and Decree.)

Lyons & Prentiss, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

STEPHENS, J. It is alleged in plaintiff's petition that on July 1, 1925, plaintiff made an oral agreement with the defendant, Clarence Dryer, whereby the defendant was employed as manager of the Cinderella Slipper Shop, at a salary of $50 per week. It is further alleged that it was agreed that in the event Dryer remained in the position for a year he would be paid a bonus of 1 per cent of the total amount received from the sale of shoes in excess of $75,000; and that should he quit said employment before the end of the year, the bonus was not to be due or payable. It is further alleged that the first year of employment began September 12, 1925, and terminated September 12, 1926; and that Dryer remained in the position for the first year and was paid a bonus at the end thereof, in accordance with the terms of the agreement; that at the end of the first year, on or about September 12, 1926, the agreement was continued in force and effect for the succeeding year, except that the sale of hosiery was to be included in the total sales upon which the bonus was to be calculated and paid; that on September 12, 1926, the sum of $125, and on March 12, 1927, the sum of $125 was paid to the defendant by plaintiff, but that said sums were not intended as a settlement of the bonus as of dates paid but as an advance thereon, subject to an accounting and adjustment at the end of the year. It is further alleged that on May 21, 1927, the defendant left the employment of the plaintiff and therefore did not earn, under the terms of the agreement, any bonus on sales for the period between September 12, 1926, and September 12, 1927, the second year of the agreement.

This suit is for the purpose of recovering the $250 alleged to have been advanced to the defendant on the bonus.

The defendant answered, and admitted his employment as manager of the slipper shop at a salary of $50 per week plus a bonus of 1 per cent of the gross sales of shoes in excess of $75,000 per annum; and further admitted that the sum of $250 was paid on the dates as alleged in plaintiff's petition; and that he severed his connection with the plaintiff on May 21, 1927. The defendant denied, however, that the bonus was contingent upon his remaining in plaintiff's employment for a year, and alleged that the contract entered into by him with plaintiff to take effect September 12, 1926, was as follows: That he was to receive a bonus in addition to his salary of 1 per cent of the gross annual sales in excess of $75,000 of shoes and hosiery, to be computed and paid quarterly; that from the gross quarterly sales, one-fourth of $75,000, or $18,750 was to be deducted, and 1 per cent of the balance paid him as his bonus. He further averred in his answer that the two payments of $125 each were made in settlement of his bonus under the terms of the contract; and that the bonus due at the close of each of the quarters, December 12, 1926, and March 12, 1927, was estimated and agreed upon and payment thereof made accordingly.

The trial court rendered judgment in favor of the plaintiff and against the defendant for the sum of $79, from which said judgment defendant appeals. Plaintiff has filed an answer to the appeal, praying that the judgment be increased to $250, the amount sued for.

The evidence shows beyond question, we think, that the bonus to be paid the defendant for the second year (as it was admittedly for the first year) was not due and demandable until the end of the contract year, subject, however, to the exception that if the defendant quit his position before the expiration of his contract he would not be entitled to receive a bonus, unless at the time he quit, the gross sales exceeded $75,000, in which event he would be entitled to 1 per cent bonus on such excess.

At the beginning of the second year of the employment, the contract as it existed during the first year was renewed, except that the amount of sales of hosiery was included in the amount of sales of shoes, to serve as a basis for the determination of the bonus due the defendant. The two sums of $125 each sought to be recovered were paid to the defendant under the terms of a supplemental agreement reached by the parties after the renewal of the original contract, solely for the accommodation of the defendant, and were each estimated to be one-fourth of the amount that would be due the defendant at the end of the contract year, and were paid subject to adjustment and revision when the bonus became due.

The plaintiff contends that the agreement was, that if the defendant voluntarily left his position before the expiration of the contract year, he was not entitled to a bonus, and as he did leave voluntarily on the 21st day of May, 1927, which was the eighth month of the contract year, he owed the return of the $250 advanced.

The question presented is merely one of fact. The trial judge refused to accept the version of the defendant as to the terms of the contract in this respect, and we think correctly so.

Defendant was employed for the sum of $50 per week, a rather small compensation we think, if the responsibility of the position be considered. He was subject to discharge at the end of any week, without cause. It is not reasonable to believe that he bound himself to forfeit the earned por-

tion of the bonus if he decided to quit the position. Forfeitures are not favored in law, and will be enforced only in cases in which the right of the contracting party to exact them is clear and unequivocal.

We are of the opinion that the plaintiff should recover the amount paid to the defendant which was unearned at the time the defendant quit the employment. The gross sales up to the time defendant quit the employment, exceeded $75,000 by $17,099.66; 1 per cent of which would be $171, which latter amount, deducted from the $250 advanced to defendant, leaves $79 overpayment, which the plaintiff is entitled to recover.

The judgment appealed from is therefore affirmed.