282 So.2d 612 (1973)
Carol KNIGHT and Barbara Stout
v.
Dee ODEN, d/b/a Dee's Beauty Shop.
No. 9441.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Warren L. Mengis, Baton Rouge, for appellants.
Samuel M. Cashio, Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
Plaintiffs appeal from an adverse judgment of the trial court dismissing their suit for monies allegedly due from their previous employer. The plaintiffs are Carol Knight and Barbara Stout, who were formerly employed as beauticians by the defendant, Dee Oden, doing business as "Dee's Beauty Salon".
Carol Knight had been employed for about two and a half years and Barbara Stout had been employed for about four years, on the basis of a fifty percent commission of fees earned for the shop, and in addition they were paid a bonus of ten percent of their gross receipts over $1,800.00. The bonus was paid every six months but began only after the employee had completed a one year employment, and then, the bonus was paid six months after completion of the bonus period if the employee was still working for defendant. In other words, the bonus, which was payable on June 1st and December 1st of each year, was paid on June 1st for the preceding June to December period and was paid on December 1st for the preceding December to June period.
The apparent purpose of the bonus arrangement and the method of payment was to encourage the beauticians who worked in the shop to continue in the employ of *613 defendant and not to skip from shop to shop taking their customers along with them.
In October, 1970 at a meeting of the entire shop, the operators, who totaled eight or nine, requested that they be put on a straight 60% commission, but the defendant declined on the basis that she could not afford to pay 60%. At a later but disputed date the defendant met with the two plaintiffs and a third operator, Pat Duhon, who appeared as a witness for plaintiffs.
It appears from the record that some change was made in the mode of payment at the second meeting, but the exact changes are disputed between plaintiffs and defendant. The principal items of dispute are whether the $1,800.00 figure was to continue to be used and whether the bonus was to be paid regardless of whether the operator was working for defendant on the due date.
After hearing the witnesses, including the plaintiffs and Pat Duhon on their behalf, and the defendant and her bookkeeper on the defendant's behalf, the trial court concluded that it was impossible to determine from the testimony exactly what the agreement was and whether the plaintiffs were due any additional sums. As a consequence, the trial court held that plaintiffs had failed to prove their case and granted judgment for the defendant.
Counsel for plaintiff relies on United Shoe Stores Co., Inc. v. Dryer, 135 So. 50 (La.App. 2 Cir. 1931), which in our opinion is distinguishable from this case in that the employer-shoe company was suing the employee to recover a bonus already paid, and the court found that the employer had failed to establish that it was entitled to the return of the bonus earned to the time of cessation of employment. The burden is always on the plaintiff to prove his case. E. Levy and Company v. Shreveport Plumbing Company, 108 So.2d 810 (La.App. 2 Cir. 1959); Toomer v. Breaux, 146 So.2d 723 (La.App. 3 Cir. 1962), cert, den., 1963.
Also, we are cited LSA-R.S. 23:634 which provides:
No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
The present case does not fall within the contemplation of this statute since, we are convinced, the 10% additional payments were in the nature of a bonus for continuing to work at defendant's shop. No doubt LSA-R.S. 23:634 prohibits signed contracts (the only contracts in the present case were oral) providing for forfeiture of wages upon failure to complete a term of employment. Forfeiture of wages earned is not favored under the law. United Shoe Stores Co. v. Dryer, supra. On the other hand, certainly there is no reason to prohibit employers from providing a bonus for long and faithful service, and we do not believe that the statute quoted applies to bonuses.
After reviewing the record on appeal, we conclude that the trial court committed no manifest error in the conclusions drawn from his analysis of the testimony of the witnesses and the other evidence. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955); Readco Industries, Inc. v. Myrmax Specialties, Inc., 236 So.2d 573 (La.App. 1 Cir. 1970), writ refused 256 La. 865, 239 So.2d 362 (1970); Sunseri v. Sunseri, 256 So.2d 673 (La.App. 4 Cir. 1972). We agree that it is impossible to determine what the agreement was between the parties and that, therefore, plaintiffs have failed to establish *614 that they are due any additional sums from the defendant.
Accordingly, the judgment of the trial court is affirmed and costs of the appeal are taxed against the plaintiffs.
Affirmed.