359 So.2d 1321 (1978)
Edgar PENDER, Lawrence Pichon and Roland Cashen
v.
POWER STRUCTURES, INC.
No. 8790.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
*1322 Patrick C. Leitz, Metairie, for plaintiffs-appellants.
Evans & Scheffler, Robert B. Evans, Jr., Gretna, for defendant-appellee.
Before REDMANN, LEMMON, GULOTTA, STOULIG and GARSAUD, JJ.
LEMMON, Judge.
Plaintiffs, former employees of defendant corporation, have appealed from a judgment dismissing their suit for bonuses allegedly earned prior to termination of their employment. The pivotal issue on appeal is the validity of the bonus plan's requirement that the employee be still employed on the scheduled date for payment of the bonus.

I
Defendant's bonus plan, as revised in April, 1975, provided generally for quarterly bonuses (and semi-annual bonuses for upper management personnel) payable from a calculable portion of the profits for the bonus period. The bonus was payable within 30 days of the end of the bonus period and was limited to a percentage of the employee's salary, varying among three specified groups of employees. The plan was subject to certain rules, the rule pertinent to this dispute being:
"Employees must be employed at time of payment."
The last quarter of defendant's fiscal year ended on October 31, 1975, and plaintiffs were involuntarily terminated on the next work day because they were planning to begin their own business in competition with defendant. In this regard they admitted approaching the assistant chief engineer to leave defendant's employ and to join their new company, and other undenied evidence shows they undermined their employer in gathering company information preparatory to starting a competitive business.

II
Plaintiffs contend that the bonus plan's requirement of continued employment 30 days beyond the bonus period is unenforceable, because the public policy inherent in R.S. 23:634 prohibits a provision for forfeiture of wages based on failure to complete a term of employment.[1]
The bonus plan in the present case was based on profits earned by the employer during the bonus period, and plaintiffs worked for the entire period under an employment contract whose terms obligated the employer to pay the bonus, contingent upon the employee's compliance with the rule requiring continued employment for 30 days beyond the bonus period. Thus, the *1323 bonus was part of the employee's bargained-for compensation for services rendered during this period, and the public policy of this state expressed in R.S. 23:634 prohibits an employer from forfeiting such compensation when the employee works for the entire period of profits upon which the bonus was based, but does not work for the required additional 30 days.[2]
We are aware of and disagree with the decision in Knight v. Oden, 282 So.2d 612 (La.App. 1st Cir. 1973), which conceded that forfeiture of wages is not favored, but held that R.S. 23:634 does not apply to bonuses. The compensation that the employee is promised in bonuses forms part of the compensation for the employee's labor during the bonus period, which he otherwise would presumably have received in wages or other benefits.
This decision is an extension of the decision in Morse v. J. Ray McDermott & Co., 344 So.2d 1353 (La.1976), which was based both on the public policy expressed in R.S. 23:634 and on the fact that the employer prevented fulfillment of the condition of continued employment for reasons not attributable to the employee's misconduct. In the present case plaintiffs were terminated for misconduct, which was sufficient cause for dismissal, and the Morse case is therefore not controlling.[3] Nevertheless, we conclude that the requirement of continued service in this particular bonus plan is unenforceable as against public policy, and plaintiffs are accordingly entitled to collect the bonuses which constituted part of the compensation promised to them for services performed during the bonus period.

III
Defendant contends that it should receive credit against any bonus due because it gratuitously awarded plaintiffs severance pay, which was not due under the terms of the employment contract.
Defendant's president testified that he authorized payment of severance pay, although the company had never granted severance pay except on one prior occasion and had no obligation to do so in this case, because plaintiffs had not qualified for the bonuses. He admitted, on cross-examination that he had promised plaintiffs at time of termination to try to secure payment of the bonuses, explaining that he felt a sense of loyalty to plaintiff Cashen, who was the manager of manufacturing and had been with the company since its inception. He further stated that a major factor in fixing the amount of severance pay (two months' salary) was the amount of the bonuses which were forfeited.
Under the overall circumstances we conclude defendant is entitled to credit for the amount of severance pay, which was awarded based on the belief that bonuses were not payable. Because the severance pay awarded to plaintiffs Pender and Pichon exceeded the amount of their bonuses, their suits were properly dismissed.
Accordingly, the judgment of the trial court is reversed in part, and judgment is now rendered in favor of Ronald Cashen in the sum of $7,956.00, subject to a credit of $3,316.00. Costs of this appeal are to be paid one-third each by Pender, Pichon and defendant. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
GULOTTA, J., dissents and assigns reasons.
GARSAUD, J., dissents and assigns reasons.
*1324 GULOTTA, Judge dissenting.
I dissent. The employees were terminated because of their own misconduct. Their misdeeds in attempting to undermine their employer, preparatory to going into a competitive business, prevented their receipt of the bonus. Furthermore, the employer gratuitously gave to the terminated employees two months' severance pay. As a matter of fact, in the cases of two of the employees, the severance pay exceeded the amounts of the bonus to which they claim entitlement.
While I strongly support public policy protecting employees against unscrupulous employers, I also recognize that the employer-employee relationship is not a one-way street. It was not the employer's action which prevented fulfillment of the condition but the employees' action. Our case is different, in this respect, from Morse v. J. Ray McDermott & Co., Inc., on rehearing, 344 So.2d 1353, 1369 (La.1977). See also LSA-C.C. art. 2040. The judgment of the trial court is correct.
GARSAUD, Judge, dissenting.
I respectfully dissent. This bonus plan was part of a deferred compensation arrangement related to productivity and was an incentive for future performance. It had not been given in the company's early lean years, but only when the company began to make money. The bonus was earned in the sense that its distribution arose out of the employer-employee relationship and was not a willy-nilly gratuitous payment on the part of the employer. Nonetheless, I do not believe it is the type of compensation (wages) protected by R.S. 23:634. This section should be read together with sections 631, 632 and 633, all of which I believe refer to the base wage earned and not to any "deferred compensation," which is part of a general fringe benefit package. Thus, the contractual provision is effective and, as the appellants were not in the employ of the company on the date specified, they were not entitled to the bonus.
NOTES
[1] R.S. 23:634 provides:

"No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation."
[2] The facts of this case do not present the question of whether an employer can require an employee to continue in employment until the end of the bonus period in order to collect a bonus for the period. We simply hold that an employer cannot require an employee to continue in employment after the end of the period during which the services were performed which gave rise to the profits and the bonus based thereon.
[3] Concededly, defendant had the right to terminate these employees, and the record does not suggest that termination was designed to deprive them of their bonuses. Nevertheless, the conduct which justified the penalty of termination does not justify the additional penalty of forfeiture of earned labor compensation in violation of the public policy of this state.