362 So.2d 806 (1978)
Dathyl T. BERTEAU
v.
The WIENER CORPORATION.
No. 9308.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1978.
Rehearings Denied October 12, 1978.
*807 Dan R. Dorsey, River Ridge, for Dathyl T. Berteau, plaintiff-appellant.
John J. Brennan, III, Hurley, McNulty & Stakelum, New Orleans, for The Wiener Corp., defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.

BOUTALL, Judge.
Plaintiff, Dathyl T. Berteau, instituted suit against defendant, The Wiener Corporation, for recovery of vacation pay allegedly due her, as well as for statutory penalties and attorney's fees. The trial court awarded judgment in favor of defendant, dismissing plaintiff's suit. From this finding, plaintiff herein appeals.
This litigation arises from a dispute between plaintiff-appellant and an office manager of the appellee. Appellant was employed by The Wiener Corporation from August 25, 1975 to September 9, 1976. Employees of the Corporation were, according to the company handbook, entitled to a one week vacation with pay upon completion of one year of service. Appellant was eligible for her vacation on August 25, 1976.
Mrs. Berteau requested that her vacation begin on September 13, 1976. She also requested an extra week off, without pay, to join her husband in a trip to Canada. The handbook provides that such a request will be granted for any reasonable cause provided the leave of absence will not seriously disrupt business operations. Mrs. Berteau's request, however, was denied because of a pending inventory scheduled to begin September 24, 1976. She was advised however, that if the trip could be scheduled in such a way as to avoid conflict with the inventory, her request would be granted.
Finding that she would be unable to switch the trip to other dates, appellant decided that she would take the trip in violation of company orders. There is some dispute as to the nature of Mrs. Berteau's termination, but suffice it to say that she was no longer employed by The Wiener Corporation as of September 9, 1976. She thereupon requested her vacation pay, but was denied it.
Appellant contends that she was entitled to her vacation pay as of the time at which she became eligible for the vacation upon completion of one year of service. She argues that this vacation benefit is included in the "amount due under terms of employment" in La.R.S. 23:631. She further contends *808 that due to appellee's refusal to pay these benefits, she is entitled to penalty wages and attorney's fees under La.R.S. 23:632.
Appellee, on the other hand, argues that company policy prohibits payment of any benefit to one who is not an employee and that, therefore, no additional payment is due. In the alternative, appellee argues that no penalties or attorney's fees are due since the action of The Wiener Corporation in refusing to pay appellant her vacation pay was not "arbitrary or unreasonable".
The issues on appeal are as follows: 1.) Is vacation pay included in the amount due under 23:631? 2.) Are penalties appropriate under 23:632 only when the employer has acted arbitrarily or in an unreasonable manner? 3.) Are attorney's fees awarded in all cases in which recovery is granted under 23:632?

VACATION BENEFITS
There is jurisprudence in Louisiana to the effect that vacation benefits are included in the definition of the "amount due under the terms of employment". The Second and Third Circuits have held that vacation benefits are additional wages and are, therefore, to be included in the amount paid to the employee upon discharge. See Stell v. Caylor, 223 So.2d 423 (La.App. 3rd Cir. 1969) and Sewell v. Sharp, 102 So.2d 259 (La.App. 2d Cir. 1958).
This circuit, in Bailey v. American Sugar Refinery, 342 So.2d 1268 (La.App. 4th Cir. 1977) has stated that vacation benefits are to be treated as wages for the purpose of the statute citing R.S. 23:640. Section 640 limits itself by its terms to those situations in which the parties' relationship is governed by a collective bargaining agreement. We do not feel, however, that appellee is correct in arguing that by negative implication vacation benefits are not to be included in the amount due under 23:631.
In Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (1976), the Louisiana Supreme Court held that a forfeiture clause in the employer's profit-sharing plan was manifestly unjust where the unilateral act of the employer prevented fulfillment of the condition to his receipt of benefits. In the course of the opinion, Justice Tate discusses the contention urged by appellee here and rejects it. We quote footnote 10, p. 1359, on first hearing:
"The courts of this state have noted that forfeitures of wages are not favored under our law. See Knight v. Oden, 282 So.2d 612 (La.App. 1st Cir. 1973); United Shoe Stores Co. Inc. v. Dryer, 16 La.App. 605, 135 So. 50 (2nd Cir. 1931). We do not believe adoption in 1966 of Act 536 (LSA-R.S. 23:640) expressly including pensions and other fringe benefits payable under collective bargaining agreements was intended to have the effect of excluding other fringe benefits from the definition of `wages.' Passage of the act is indicative merely of the legislature's responsiveness to the concerns of labor interests that fringe benefits might not be considered `wages.' If anything, it indicates that the legislature does consider fringe benefits wages within the meaning of La.R.S. 23:634."
We apply that principle here. We deal, in this case, with a non-union situation and have no collective bargaining agreement. The employee handbook is the only written agreement in existence. The handbook does specify that it was not to be a complete statement of Wiener's policy and this we acknowledge. The handbook does grant an employee the right to a one week vacation with pay, however, upon completion of one year of service. We cannot allow an unwritten policy to amend this when the policy was so vague that the employee in question and many others (such as those in appellee's personnel department) were unaware of it.
Appellant's right to her vacation had vested under the handbook and her request for its approval, and the company cannot force forfeiture of that right. A vested right is defined as that case when "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. *809 The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit. . . does not constitute a vested right." Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949). Mrs. Berteau clearly had a present interest in a vacation benefit and divesting her of this is a forfeiture. Wage forfeitures are not allowed in our law. Pender, et al. v. Power Structures, Inc., 359 So.2d 1321 (La.App. 4th Cir., Docket No. 8790, June 18, 1978) and La.R.S. 23:634. We therefore hold that appellant is entitled to her vacation pay in the amount of $149.32.

PENALTY WAGES
La.R.S. 23:632 outlines certain penalties to be paid to discharged employees of employers who refuse to comply with the provisions of R.S. 23:631. The jurisprudence of this state is to the effect that statutes which are expressly penal in nature are to be strictly construed. Mitchell v. First Nat. Life Ins. Co., 236 La. 696, 109 So.2d 61 (1959). Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). If it is determined then, that a bona fide dispute as to wages due existed at the time of the refusal to pay, no penalties will be awarded. Sifers v. Exxon Corp., 338 So.2d 763 (La.App. 4th Cir. 1976). For the employee to recover, the employer must have been motivated by bad faith or must be found to have acted in an "arbitrary or unreasonable" manner. Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir. 1974).
It does not appear that the requisite bad faith is present in this case. The testimony of all parties indicates that this policy, while not in writing and not well settled, had been applied to others previously. This indicates to us that the action of appellee in denying the vacation benefits was not arbitrary or unreasonable. No bad faith can be imputed to the employer. Our finding that the contract between the employer and employee did not, as a matter of law, require that one continue to be an employee to receive benefits does not preclude the possibility of a good faith refusal. We therefore find that no penalty wages are due in this case.

ATTORNEY'S FEES
The rule of this circuit as to attorney's fees is stated in Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4th Cir. 1975). In that case the court found that the phrase "well-founded suit" in the statute refers to a suit in which recovery of wages is granted. Thus, where back wages are awarded, reasonable attorney's fees must also be granted.
We therefore hold that the appellant is entitled to reasonable attorney's fees under 23:632, which we fix at $300.00.
It is ORDERED, ADJUDGED AND DECREED that the judgment appealed is reversed and there is now judgment in favor of plaintiff Dathyl T. Berteau and against defendant, The Wiener Corporation, in the full sum of $149.32, together with attorney's fees of $300.00 with interest from September 13, 1976, until paid, and for all costs of these proceedings.

REVERSED AND RENDERED.

ON THE MOTION FOR REHEARING
Both appellant and appellee have filed motions for a rehearing. The appellee, The Wiener Corporation, requests rehearing before this panel, or alternatively a rehearing before the entire court, contending that our judgment is directly contrary to the holding in the case of Bondio v. Binder, Inc., 24 So.2d 398 (La.App.Orl.1946). We have examined our decision in that case and see no conflict between these two decisions.
The Bondio case was a suit to recover vacation pay allegedly due under a union contract agreement. That agreement was construed to provide that an employee "shall have worked a total of 2000 straight time hours in the year precedingthat is, for the year preceding the date fixed by the employer for the commencement of the vacation." The court determined that an employee who took time off in June without authorization and was fired as a result was not entitled to vacation pay in June because *810 the employer had the right to fix the vacation schedule and would not be entitled to a paid vacation at a later date because he would not have worked 2000 straight time hours (interpreted to mean without interruption) in the year preceding the time his vacation would otherwise begin.
Our case is a suit to seek wages and penalties under R.S. 23:631 et seq. It involves the interpretation of the provisions of an employee's handbook setting out in general the employer-employee relationship. We found that the handbook does grant an employee the right to one week's vacation with pay upon the completion of one year of service. This employee had fulfilled that requirement and indeed her request for vacation had been approved. The dispute arose because the employee desired to take the following week as an unpaid vacation, and that was refused by the company. As a result, the manager fired the employee one week prior to the beginning of her paid vacation. By that time the employee's right to a vacation had accrued and the employer could not, by use of the summary power of discharge, defeat the right to receive a vacation with pay or its equivalent. This difference is pointed out in the Bondio case, and it applies in our case.
The applications for rehearing of both appellant and appellee are denied.
REHEARING DENIED.
LEMMON, J., concurs in denial of application for rehearing and assigns reasons.
LEMMON, Judge, concurring in the denial of Application for Rehearing and assigning reasons.
I disagree completely with the reasoning of an earlier panel of this court in the Bondio case and would have reached the opposite result. Nevertheless, this case is distinguishable on its facts (as the contract was interpreted by the earlier panel), and it is not necessary that we overrule the Bondio case in order to reach our decision in the present case.