425 So.2d 364 (1982)
David Lee RUTLEDGE, Plaintiff-Appellant,
v.
CRC HOLSTON, INC., Defendant-Appellee.
No. 82-404.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Writ Denied February 23, 1983.
*365 L. Paul Gianfala, Lafayette, for plaintiffappellant.
Andre J. Buisson, Jennings, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
CUTRER, Judge.
David Lee Rutledge filed suit for monies allegedly due to him from his employer, CRC Holston, Inc.
Rutledge was employed by the defendant for a period beginning in August 1980 until his termination on September 29, 1981. Rutledge was employed as a "floorhand" assigned to a twenty-four hour rig, working four days on, four days off, twelve hours per day, earning $9.48 per hour regular pay and $14.32 per hour overtime, for a total of $133.12 per day.
When Rutledge was terminated he was paid a total of $538.87 representing regular and overtime pay. Subsequently, he made a demand on his employer for an additional $198.00 in "Black Magic" wages. "Black Magic" is an oil base mud additive used in oil well drilling when requested by customers of the defendant. In cases where "Black Magic" is used, the customer is billed at the rate of $1.00 per hour for each employee who works with this type of drilling mud. These funds, when collected, are known as "Black Magic" money and are paid to the employees who worked with the drilling mud. The defendant refused Rutledge's demand for the $198.00 on the grounds that the money was payable to the employees when it was received from the customer, but then only if the employee was still employed by the defendant at the time the money was collected. At the time of Rutledge's demand, the customer, Sun Gas Company, had not yet paid the defendant this extra money.
Rutledge brings this action under LSA R.S. 23:631 et seq., which provide that upon discharge of an employee, it is the duty of the employer to pay all wages then due under the terms of employment, within three days of termination.
The issue is whether "Black Magic" payments are "wages" due under the employment contract, or merely bonus payments given to employees to reward them for working with "Black Magic," described as an oily, messy and dirty process. Apparently, this mud is more disagreeable to work with than water base muds. The trial court found that the "Black Magic" payments were in fact bonus payments, not a part of plaintiff's wages, and dismissed plaintiff's suit. Plaintiff appeals. We affirm.
The statute under which this claim is brought, LSA-R.S. 23:631, provides that upon discharge of an employee, it is the duty of the employer to pay the amount "then due under the terms of employment" within three days of the discharge. Thus, any bonus payments not provided for in the contract of employment are not covered by LSA-R.S. 23:631.
In the present case, the policy of employment contains no provision calling for the *366 payment of the "Black Magic" bonus.[1] There is also no evidence that such payments was offered or bargained for as a condition of employment when Rutledge was hired.
The testimony of Mr. James Robert, president of CRC Holston, Inc., stated that "Black Magic" payments were treated like Christmas bonus payments. He explained that drilling muds which contain characteristics like those of "Black Magic" were difficult and disagreeable to handle. As a bonus for those employees who work with this type of mud, when a job was finished, the defendant would bill the customer for the extra $1.00 per hour for each employee working on the job. Robert stated that, at times, a customer would refuse to pay the additional charge on the ground that the handling of the mud was part of ordinary duties. Apparently, defendant did not pursue the customer's refusal to pay the extra money. In that case, no "Black Magic" money was paid to the employees. Robert stated that the policy of the company was to pay the bonus money to the employee if the customer paid same and also if the employee was still working for defendant when the payment was received from the customer. Rutledge was terminated for cause prior to receipt of the money by the company from its customer.
We find that the "Black Magic" payments were in fact bonus payments not provided for by the employment contract and thus not governed by the provisions of LSA-R.S. 23:631. The trial judge correctly disposed of the issue. As there is no liability on the part of the employer, the issue of penalties and attorney's fees need not be addressed.
Plaintiff cites Pender v. Power Structures, Inc., 359 So.2d 1321 (La.App. 4th Cir. 1978), as authority for the fact that a bonus must be considered an amount due under the terms of employment. This case is not applicable to the case at bar, as Pender dealt with an employment contract which specifically provided for the payment of a bonus.
For the reasons assigned the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] Introduced in evidence by the defendant is an instrument entitled "Personnel Policy." This instrument sets forth, in detail, the employment practices of defendant. The provisions include the procedure for hiring, leaves of absence, insurance, retirement, vacations, safety award program, working hours and methods of wage payments.