638 So.2d 1235 (1994)
Penelope COCHRAN
v.
AMERICAN ADVANTAGE MORTGAGE COMPANY, INC.
No. CA 93 1480.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1236 C. Glenn Westmoreland, Rome & Westmoreland, Baton Rouge, for plaintiff-appellant Penelope Cochran.
Jerry F. Pepper, Baton Rouge, for defendant-appellee American Advantage Mortg. Co., Inc.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This is a suit by plaintiff, Penelope Cochran, against defendant, American Advantage Mortgage Company, Inc. (AAMC), for wages, statutory penalties and attorney's fees pursuant to the Louisiana Wage Payment Law, LSA-R.S. 23:631 et seq. The trial court rendered judgment in favor of plaintiff for unpaid wages, plus interest and costs, but denied her claim for penalty wages and attorney's fees. From this judgment, plaintiff appeals.

FACTS AND PROCEDURAL HISTORY
Cochran began work with AAMC on March 13, 1991, and was employed as a manager, loan processor and underwriter at a salary of $1,500.00 per month. Beginning April 1, 1992, plaintiff was to receive the additional sum of $25.00 per loan closed, payable monthly. These amounts were referred to by plaintiff and defendant as "bonuses." AAMC terminated plaintiff's employment on October 23, 1992. On October 30, 1992, plaintiff was issued a check representing her monthly salary, but did not receive any additional compensation for the loans closed prior to termination of her employment. By letter dated February 11, *1237 1993, plaintiff demanded payment of $25.00 per loan for sixty loans closed in the months of August, September and October of 1992. In response, defendant transmitted a letter to plaintiff, stating that, according to its calculations, she was due $725.00, and offering to pay plaintiff this amount in exchange for a full release of all claims.
Plaintiff responded by filing suit against defendant on March 9, 1993, seeking to recover: (1) her salary for the month of November, claiming that she was not given thirty days written notice of termination as allegedly required by her employment contract; (2) the additional amounts due for loans closed in the months of September and October of 1992; and (3) penalty wages and attorney's fees. Defendant answered, denying the existence of any employment agreement requiring thirty days notice of termination, and denying that any wages or bonuses were due plaintiff. Defendant also alleged that plaintiff was required to close a minimum of ten loans per month before she was entitled to any bonus.
Following trial, the court rendered judgment in favor of plaintiff and against defendant, awarding unpaid wages, interest and costs. As shown by the trial court's written reasons for judgment, the court concluded that plaintiff was not entitled to a salary for the month of November because she failed to prove the existence of an employment contract requiring defendant to give thirty days notice of termination of employment. The trial court further concluded that plaintiff was entitled to additional compensation in the amount of $25.00 per loan closed per month, without a minimum ten loan requirement, and found that plaintiff was entitled to compensation for sixteen loans closed during the months of September and October of 1992. Thus, plaintiff was awarded the amount of $440.00.[1] The court denied plaintiff's claim for penalties and attorney's fees, concluding that the provisions of LSA-R.S. 23:634, prohibiting employment contracts which contain forfeiture for failure to continue employment, did not apply to bonuses. From this judgment, plaintiff appeals, setting forth the following assignments of error:
1. The trial court erred in awarding only $440.00 for bonuses due plaintiff.
2. The trial court erred in denying plaintiff's claim for penalties and attorney's fees.

ASSIGNMENT OF ERROR NUMBER ONE
In her first assignment of error, plaintiff argues that the trial court was manifestly erroneous in awarding plaintiff compensation for only sixteen loans closed prior to her termination. Plaintiff argues that defendant admitted prior to and during litigation that it owed her $725.00, representing compensation for twenty-nine loans closed during the months of September and October of 1992. We agree.
It is well settled in our jurisprudence that an appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). In order to reverse a factfinder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart, 617 So.2d at 882.
The record establishes that plaintiff was entitled to $25.00 per loan closed as additional compensation.[2] The trial court found, as a fact, that plaintiff was entitled to compensation for sixteen loans closed prior to her termination and made an award based on that figure. However, our review of the *1238 appellate record herein fails to disclose any factual basis in the record for the trial court's conclusion that plaintiff closed only sixteen loans for which she had not been paid during the months of September and October of 1992.
Although plaintiff was unable to clearly state the exact number of loans closed for which she had not been paid, the testimony of David Lane Manning, the manager of American Advantage Mortgage Company, set forth the amount due plaintiff. At trial, plaintiff introduced, without objection, a letter dated March 2, 1993, on defendant's letterhead and bearing Manning's signature, which contained an outline and current history of the loan closings for which payments had been made to plaintiff and for which payment was outstanding. The letter shows that $725.00 was the amount due plaintiff, representing twenty-one loans closed in September and eight loans in October of 1992.
At trial, Manning acknowledged sending the letter and testified that he and Mr. Richard Hedler (the company's secretary/treasurer and 50% shareholder) had calculated the amount due, which was $725.00.[3]
In the instant case, the trial court determined that plaintiff was only owed for sixteen unpaid loan closings. The trial court's determination of a factual issue should not be altered by an appellate court in the absence of manifest error. Rosell v. Esco, 549 So.2d 840 (La.1989). However, under the facts and circumstances here presented, we are convinced that the trial court manifestly erred in its determination. Considering the testimony of Manning and the documentary evidence, the record does not support the trial court's determination that plaintiff was only owed for sixteen loans.
Instead, the record reflects that plaintiff closed a total of twenty-nine loans prior to her termination, for which she was not compensated by defendant. We find that the record establishes that plaintiff is entitled to compensation for the twenty-nine loans closed prior to her termination, and we amend the judgment of the trial court to award the amount of $725.00 due plaintiff, for unpaid compensation.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, plaintiff contends that the trial court erred in failing to award penalties and attorney's fees. We shall first address the applicability of LSA-R.S. 23:631 and LSA-R.S. 23:632 to the facts of this case, and thereafter whether plaintiff is entitled to penalty wages and/or attorney's fees.

Applicability of LSA-R.S. 23:631 and LSA-R.S. 23:632
In addressing the issue of whether plaintiff is entitled to penalties and attorney's fees herein, the trial court stated:
The bonus was furnished the plaintiff by the defendant after her initial employment was negotiated; however, while it was not a part of a preestablished salary agreement, nevertheless it was paid monthly and represented part of her compensation for her services.
The testimony shows that the bonuses were not considered commissions, and it is fair to state that the plaintiff does not claim that the payment represented commissions.... [The court] is constrained to follow Knight v. Oden, 282 So.2d 612 (1973) (a 1st Cir. case), which held that R.S. 23:634 does not apply to bonuses.
We find that the trial court, relying on inapplicable jurisprudence and law, erred in concluding that penalties and attorney's fees could not be awarded in this case.[4] The *1239 issue to be resolved is whether LSA-R.S. 23:631 and LSA-R.S. 23:632 apply to plaintiff's suit to recover penalties and attorney's fees, due to defendant's failure to pay, within three days of termination, "bonuses" due plaintiff. We find that, based on the facts presented herein, plaintiff is not precluded from recovering penalties and attorney's fees, pursuant to the Louisiana Wage Payment Law.
Louisiana Revised Statutes 23:631, in pertinent part, imposes a duty upon the employer, upon discharge or resignation of any employee, to pay the employee the amount then due, under the terms of the employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation.
Louisiana Revised Statutes 23:632 provides, as follows:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
These statutes require that upon discharge or resignation of an employee, it is the duty of the employer to pay the amount then due under the terms of employment, whether the employment is by the hour, week or month, within three days of the discharge or resignation. Henderson v. Kentwood Spring Water, Inc., 583 So.2d 1227, 1231 (La.App. 1st Cir.1991). LSA-R.S. 23:632 imposes penalties and attorney's fees on those employers who do not pay in the manner directed by LSA-R.S. 23:631. Henderson, 583 So.2d at 1231-1232.
In order to fall within the purview of these statutes, the amount sought by plaintiff must be due under the terms of employment, and must be payable by the hour, day, week, or month. See Potvin v. Wright's Sound Gallery, Inc., 568 So.2d 623, 626 (La.App. 2nd Cir.1990); Rutledge v. CRC Holston, Inc., 425 So.2d 364, 365 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
In this case, the trial court properly found that the "bonuses," although negotiated subsequent to plaintiff's initial employment contract, were, in fact, remuneration for services provided and represented part of her compensation. We find no error in this determination by the trial court and likewise conclude from the record herein that the "bonuses" constituted a portion of the compensation due plaintiff under the terms of her employment. Moreover, as the trial court properly noted, the "bonuses" were payable monthly, so as to satisfy the requirement that they be payable by the hour, day, week or month. Cf. Rutledge, 425 So.2d at 366 (where the amount sought by the employee was in the nature of a bonus similar to a Christmas bonus, not provided for in the employment contract); Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990), and Dore v. WHC Lease Service, Inc., 528 So.2d 235, 239 (La.App. 3rd Cir.1988) (where the rate of pay was indefinite and payment was not by the hour, day, week or month).
Based on the above and foregoing, we find that LSA-R.S. 23:631 and LSA-R.S. 23:632 are applicable to the instant case.

Penalties
LSA-R.S. 23:632, providing for the payment of penalty wages to an employee who does not receive his final pay in a timely manner, is a penal statute and must be strictly construed. Magee v. Engineered Mechanical Services, Inc., 415 So.2d 277, 278-279 (La.App. 1st Cir.), writ denied, 420 So.2d 455 (La.1982). Penalty wages are not to be absolutely imposed when the facts indicate that there is an equitable defense. Magee, 415 So.2d at 279. However, it is only a *1240 good-faith, non-arbitrary defense to liability for unpaid wages which will permit the courts to excuse the employer from the imposition of penalty wages. Henderson, 583 So.2d at 1232. Whether or not there is an equitable defense to penalty wages depends on the particular facts of each case. Henderson, 583 So.2d at 1232. Generally, when there is a good-faith question of whether the employer actually owes past-due wages or whether there may be an offset to wages owed, resistance to payment will not trigger penalty wages. Henderson, 583 So.2d at 1232. Where there is a bona fide dispute over the amount of wages due, courts will not consider failure to pay as an arbitrary refusal, and generally will refuse to award penalties. Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183, 1185 (La.App. 1st Cir.), writs denied, 373 So.2d 510 (La.1979).
In this case, we conclude that the imposition of penalty wages is not appropriate. After reviewing the record herein, we find that the defendant established that there was a bona fide dispute over the amount of wages due plaintiff. Prior to filing suit, plaintiff demanded compensation for over sixty loans closed. At trial, plaintiff testified that she believed she was owed compensation for forty-eight loans closed during the months of August, September and October of 1992. Randal Anthony Gomez, president of AAMC, testified at trial that before plaintiff was entitled to the "bonus" payments, she was required to close a minimum of ten loans per month. Plaintiff, at all times, denied the existence of a ten loan minimum requirement per month.
Based on the conflicting testimony concerning the number of loans closed by plaintiff prior to her termination, the existence or not of a threshold ten loans per month requirement for payment of the additional compensation, and thus, the amount owed to plaintiff, we find that defendant demonstrated that a bona fide dispute existed between the parties regarding the amount of wages actually owed. In light of the mandate that LSA-R.S. 23:632 must be strictly construed, we find that an award of penalty wages is not appropriate in this case.

Attorney's Fees
However, reasonable attorney's fees are to be awarded in the event that plaintiff files a well-founded suit for unpaid wages, even if penalty wages are not due. Soday v. Mall Snacks, Inc., 374 So.2d 138, 141 (La.App. 1st Cir.1979). The attorney's fee award is to be taxed as costs against the employer. Mitchell v. Turner, 588 So.2d 1305, 1308 (La.App. 2nd Cir.1991). A recognized purpose of LSA-R.S. 23:632 is to foster availability of counsel to workers who have been unlawfully denied earned compensation. Mitchell, 588 So.2d at 1308. Although the record does not disclose any evidence as to the value of attorney's fees herein, we find from our examination of the record that plaintiff's suit was well-founded, and that she is entitled to an award of $2,000.00 for attorney's fees, to be taxed as costs against the employer.[5]

CONCLUSION
For the above and foregoing reasons, the April 30, 1993, judgment of the trial court is hereby amended to award plaintiff the sum of $725.00 for unpaid wages. Insofar as the judgment of the lower court denied plaintiff's claim for attorney's fees, the judgment is reversed. Judgment is hereby rendered in favor of plaintiff, Penelope Cochran, and against defendant, American Advantage Mortgage Company, Inc., in the additional amount of $2,000.00 for attorney's fees, taxed as costs against defendant. All costs are assessed against defendant.
AMENDED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] Apparently, the judgment contains an error in calculation, as the trial court's reasons indicate the court intended to award compensation for sixteen loans closed prior to plaintiff's termination, which calculates to a total of $400.00 owed to her, rather than the $440.00 actually awarded.
[2] The trial court found that this amount per loan was payable without any minimum monthly loan requirement. This fact finding was not disputed on appeal.
[3] Remarkably, none of the other witnesses who testified gave any clear indication of the number of loans for which plaintiff was owed payment; instead, most of the testimony focused on the reasons for the termination of plaintiff's employment.
[4] LSA-R.S. 23:634 and Knight v. Oden, 282 So.2d 612 (La.App. 1st Cir.1973), deal with forfeiture of wages by an employee and provide that no employer shall require an employee to sign a contract forfeiting wages if the employee is discharged or resigns before the employment contract is completed. In the instant case, neither party contended at trial or on appeal that there was any agreement, written or oral, that upon termination of employment, plaintiff would forfeit her right to "bonus" payments earned but unpaid. Instead, the dispute involved in this case centers on the amount, if any, of loan closing payments earned by plaintiff and unpaid by defendant.
[5] Where the record does not detail the time and cost of an attorney's services, a court may nonetheless fix the fee from the record. Mitchell, 588 So.2d at 1308.