708 So.2d 1132 (1998)
David Lerod WILSON
v.
INESSA STEWART'S ANTIQUES, INC.
No. 96 CA 2767.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Writ Denied May 8, 1998.
*1133 W. Steven Mannear, Baton Rouge, for Plaintiff-Appellant.
James K. McCay, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
In this action for unpaid wages, penalty wages and attorney's fees brought pursuant to LSA-R.S. 23:631 et seq., the employee, David Lerod Wilson, appeals an adverse judgment. For the following reasons, we reverse in part.
Inessa Stewart's Antiques, Inc. employed David Lerod Wilson for approximately three and one-half years. During the last several months of employment, Mr. Wilson repaired and refurbished antiques, and performed other odd jobs, customarily working at least forty hours per week.
On March 26, 1996, Mr. Wilson engaged in a fight with another employee on the showroom floor. When Mr. Wilson arrived for work on Wednesday, March 27th, John Stewart, Vice-President of the Inessa Stewart's Antiques, advised him that his employment was terminated effective the following day. On Friday, March 29th, Mr. Wilson returned to the store and the store manager, Mary Ann Newton, gave him his paycheck, which she was authorized to sign.
Thereafter, Ms. Newton advised Mr. Stewart that she suspected that she had failed to sign the check. Ms. Newton and Mr. Stewart then tried unsuccessfully to contact Mr. Wilson by telephone. Upon arriving at the store later that day, Inessa Stewart, President of the Inessa Stewart's Antiques, was advised by Ms. Newton that the check given to Mr. Wilson was possibly not signed.
On the night of Friday, March 29th, having still not reached Mr. Wilson by phone, Mr. Stewart went to the home of Mr. Wilson and left a message on the door. Mr. Stewart testified that, later that night, Mr. Wilson advised him by telephone that there was no problem, that he had deposited the check, and that he thought the check was signed. *1134 Mr. Stewart told Mr. Wilson to contact the company if he had any problem with the check in the future and they would rectify it immediately.
Also on that day, Ms. Stewart, on the advice of her attorney, issued a second check to Mr. Wilson which was delivered to him by registered mail. Ms. Stewart also called the company's bank on April 1 and 2, and was told on both occasions that the first check had been paid.
She testified that, on April 2, 1996, Baton Rouge Check Cashing telephoned her to inquire about the second check as Mr. Wilson was then attempting to cash it. An employee of Baton Rouge Check Cashing listened while Mr. Wilson spoke with Ms. Stewart by telephone. Mr. Wilson told her that he had destroyed the first check. The employee of Baton Rouge Check Cashing determined that the situation was too confusing and refused to cash the second check. Immediately, Ms. Stewart called the bank and was again advised that the first check had cleared. Subsequently, having received no further contact from Mr. Wilson, Ms. Stewart stopped payment on the second check.
Additionally, Ms. Stewart testified that the first bank statement the company received after it terminated Mr. Wilson's employment reflects that the first check issued to Mr. Wilson was paid. She testified that they first learned that the first check had not been paid upon being served with this lawsuit. Immediately thereafter, the defendant issued a third paycheck to Mr. Wilson, which he cashed.
Mr. Wilson testified that he picked up his final paycheck on Friday. He cashed that check on Saturday morning at Alexander's Grocery. He testified that he found the note left on his door by Mr. Stewart on Saturday night; then, he called Mr. Stewart. Alexander's Grocery had already cashed the first check. Mr. Wilson testified that approximately five days later Alexander's Grocery notified him that the first check had not cleared. Mr. Wilson admitted that he never advised his employer that he had not received his wages.
Mr. Wilson filed suit pursuant to LSA-R.S. 23:631 B, seeking the recovery of unpaid wages, penalty wages, attorney's fees, and costs. After hearing the matter, the trial judge rendered judgment in favor of the defendant, dismissing the plaintiff's suit at his cost. Mr. Wilson appeals that judgment. In his appellate brief, Mr. Wilson concedes that "[t]o the extent that the trial court denied penalty wages, the trial court was correct that the employer is not arbitrary, capricious, nor in bad faith, and has made reasonable efforts to get payment to the employee, penalty wages are not due." On appeal, he asserts solely that the trial judge erred in failing to award him attorney's fees and costs.
LSA-R.S. 23:632 provides for the liability of an employer for failure to pay wages within three days of termination as required by LSA-R.S. 23:631:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
This statute is penal in nature and must be strictly construed. Guinn v. International Maintenance Corporation, 583 So.2d 915 (La.App. 1 Cir.1991). It is designed to compel prompt payment of wages upon an employee's discharge or resignation. Boudreaux v. Hamilton Medical Group, Inc., 94-0879 p. 4 (La.10/17/94); 644 So.2d 619.
The appellant asserts that LSA-R.S. 23:632 requires the award of attorney's fees. In support of this contention, he refers this court to the case of Carriere v. Pee Wee's *1135 Equipment Co., 364 So.2d 555 (La.1978). Following is the pertinent language from that case:
Prior to a 1964 amendment, the statutory language had provided that attorney's fees should be awarded in the event a "just suit" was filed. La.R.S. 23:632 (1950). The jurisprudence interpreting this language permitted the employer to escape penalty wages and attorney's fees for an equitable defense thereto based upon a good faith dispute by the employer, arising from reasonable and non-arbitrary belief, that he did not owe the wages for which (after judicial determination) he, was ultimately held liable. See, e. g., Mitchell v. First National Life Insurance Company of Louisiana, 236 La. 696, 109 So.2d 61 (1959) and Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959).
The 1964 amendment, providing for the mandatory award of attorney's fees in the event of an employee's "well-founded" suit for unpaid wages (i.e., instead of being awardable when a "just suit" was filed), legislatively overruled this jurisprudence, at least insofar as permitting equitable defenses to the award of attorney's fees. Rubenstein Brothers v. LaForte, 320 So.2d 303 (La.App. 4th Cir.1975); Miletello v. Noble Drilling Corp., 316 So.2d 505 (La. App. 2d Cir.1975); Robertson v. International Motor Company of Houma, Inc., 314 So.2d 531 (La.App. 1st Cir.1975); Scallan v. Mark Petroleum Corporation, 303 So.2d 498 (La.App. 2d Cir.1974), cert. den., 307 So.2d 370 (La.1975) ("no error of law"); Porter v. Lombardino, 303 So.2d 493 (La. App. 2d Cir.1974), cert. den., 307 So.2d 370 (La.1975) ("no error of law"). See also to same effect, Professor J. Denson Smith, 25 La.L.Rev. 26 (1964) and Nolfo v. Landeche, 339 So.2d 1331 (La.App. 1st Cir.1976).
Carriere, 364 So.2d at 556.
A recognized purpose of the legislative grant of attorney's fees by LSA-R.S. 23:632 is to foster the availability of counsel to workers who have been unlawfully denied earned compensation. Cochran v. American Advantage Mortg. Co., Inc., 93-1480 (La. App. 1 Cir. 6/24/95): 638 So.2d 1235. Clearly, attorney's fees are due when "to recover wages due him an employee is forced to file a well-founded suit for their payment." Carriere, 364 So.2d at 556. The award of reasonable attorney's fees is mandatory when an employee brings a "well-founded" suit for unpaid wages, irrespective of any equitable defenses that may have been raised. Suits in which the recovery of back wages is granted are considered "well-founded." See Pokey v. Five L Investments, Inc., 96-0018 (La.App. 1 Cir. 9/27/96); 681 So.2d 489; Glover v. Diving Services Intern., Inc., 577 So.2d 1103 (La.App. 1 Cir.1991). Reasonable attorney's fees are to be awarded in the event that the employee files a well-founded suit for unpaid wages, even if penalty wages are not due. Cochran 638 So.2d at 1240.
In the instant case, the employee's wages were due and went unpaid until suit was filed. By filing suit the employee hoped to obtain his back wages, penalties, attorney's fees and costs. The filing of suit on June 10, 1996, prompted the employer to pay the unpaid wages, which were paid approximately ninety-six days after the termination of Mr. Wilson's employment and approximately one month before the matter was tried. In light of the undisputed fact that the employer owed unpaid wages at the time the suit was filed, we find that the plaintiff did raise a well-founded suit for unpaid wages and, under LSA-R.S. 23:632, was entitled to an award of reasonable attorney's fees. The trial court erred in denying him that recovery. Additionally, the plaintiff contends that he is entitled to additional attorney's fees incurred in the appellate proceedings. Although the record does not disclose any evidence as to the value of attorney's fees, we find from our examination of the record that the plaintiff is entitled to an award of $1,500 for attorney's fees for work performed at the trial and appellate levels. This award is to be taxed as costs against the employer.
The appellee filed an answer to the appeal, contending that this appeal is frivolous. However, because the appellee failed to brief this issue, it is deemed abandoned. Uniform RulesLouisiana Courts of Appeal, Rules 2-12.4 and 2-12.5. See Valure v. Valure, 96-1684 (La.App. 1 Cir. 6/20/97); 696 So.2d 685.
*1136 For the foregoing reasons, the judgment of the trial court is reversed to the extent it denied the plaintiff the recovery of attorney's fees. Judgment is rendered awarding the plaintiff attorney's fees in the sum of $1,500; this award of attorney's fees is taxed as costs against the employer. Trial and appeal court costs are assessed against the defendant.
REVERSED IN PART AND RENDERED.