I,KOSTELKA, J.
Rachel Ginsburg (“Ginsburg”) brought this summary proceeding against her former employer, The Radio Group/Access.l Communications Corp. of New York (“The Radio Group”), to recover wages, statutory penalties, and attorney fees pursuant to La. R.S. 23:631 and La. R.S. 23:632. The trial court rendered judgment in favor of Ginsburg for wages and attorney fees but rejected her statutory penalty claim. The Radio Group appeals the judgment. For the reasons set forth below, we affirm.
Facts
Ginsburg was initially employed by The Radio Group as an on-air personality, but in January 2000, she became a full-time salesperson paid on a straight commission basis. On January 18, 2001, Ginsburg attempted to resign her position effective January 31, 2001; however, her employment was terminated by the Radio Group effective immediately. She earned approximately $2,018.00 in commissions in January 2001. On January 24, 2001, The Radio Group tendered a check to Ginsburg for $778.91, which reflected deductions for employment taxes and a $1,000.00 draw. Ginsburg refused this check. Subsequently, Ginsburg instituted a summary proceeding for wages due against The Radio Group pursuant to La. R.S. 23:631, et seq.
At trial of the matter, only two witnesses were called, Ginsburg and Donald Burleson (“Burleson”), the business manager for The Radio Group. In oral reasons, the trial court found the testimony of Ginsburg more reliable as to how her compensation was calculated and entered judgment in her favor. This appeal by The Radio Group ensued.
| ^Discussion
On appeal, The Radio Group urges that the trial court erred in determining that it owed Ginsburg $2018.00 at the time of her resignation, and that attorney fees were owed.
It is well settled that the trial court’s finding of fact may not be set aside on appeal in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the fact-finder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). An appellate court should not substitute its opinion for the conclusions made by the district court, which is in a unique position to see and hear the witnesses as they testify. In re A.J.F., 2000-0948 (La.6/30/00), 764 So.2d 47. The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. Leal v. Dubois, 2000-1285 (La.10/13/00), 769 So.2d 1182.
It is apparent from the trial court’s reasons for judgment and the findings of fact made therein that the trial court found Ginsburg the more credible witness. The trial court addressed in detail the conflict *939 between Ginsburg’s and Burleson’s testimony in its oral reasons for judgment. Specifically, Ginsburg testified that she was paid twice a month: on the paycheck at the first of the month, she received a $1,000.00 draw on ^commissions, and on her mid-month paycheck, she received the balance due for commissions collected for the previous month. Burleson testified, however, that the mid-month check should also reflect a $1,000.00 deduction for a draw received by Ginsburg, accounting for the $1,000.00 deduction that The Radio Group made in the amount it attempted to tender to Ginsburg.
After noting that copies of Ginsburg’s paychecks did not help to resolve the dispute, and in the absence of a written employment agreement which might have set out the terms for Ginsburg’s compensation, the trial court relied on the testimony of Ginsburg and Burleson to reach a conclusion. The trial court found that Ginsburg was overall more credible than Burleson, determining “that the mid-month payment doesn’t comprise a draw, and accepts Ms. Ginsburg’s testimony on that, and believes she should have been tendered the 2,018.... ” Although the trial court found that Burleson testified truthfully based on his understanding, it noted that Ginsburg was in a better position to know how her pay was calculated because Burleson started his employment several months after Ginsburg became a full-time salesperson. Accordingly, the trial court granted judgment in Ginsburg’s favor for the full amount of those commissions owed on the date her employment was terminated. Where the trial court has not committed manifest error in its reasonable findings of fact, we will not substitute our judgment for that of the trial court, and we conclude that the findings of fact made by the trial court were not clearly wrong.
The Radio Group further argued that no attorney fees should be awarded if this court determined that Ginsburg was not owed wages in Rexcess of the tendered amount. First, considering our conclusion that the trial court did not err in awarding Ginsburg the additional wages, the assignment of error is moot.
Second, and moreover, reasonable attorney fees are due an employee pursuant to La. R.S. 23:632, when an employee is forced to file a well-founded suit to recover wages due her. Wilson v. Inessa Stewart’s Antiques, Inc., 96,2767 (La.App 1st Cir. 02/20/98), 708 So.2d 1132, writ denied, 98-0777 (La.05/08/98), 718 So.2d 435, reconsideration denied, 98-0777 (La.06/26/98), 719 So.2d 488. Obviously, considering our determination that the trial court did not err in finding that Ginsburg was owed the additional wages (i.e., Ginsburg’s suit was “well-founded”), the imposition of attorney fees against The Radio Group was proper, and this assignment of error is without merit.
CONCLUSION
For the reasons set forth above, we affirm the trial court’s judgment at The Radio Group’s costs.
AFFIRMED.