SARTAIN, Judge.
This is an appeal from a judgment of the district court which denied plaintiffs’ payment for wages due and penalties under R.S. 23:631 and 632. We affirm.
Mr. and Mrs. Rowen were employed by Mel’s Monogram Shop, a division of Wright Tailors, Inc. Mel’s has a policy of permitting its employees to purchase and/or charge merchandise under a special account and at a discounted rate.[1] The rules of the company provide, inter alia, that “all indebtedness must be liquidated before terminating employment by a full deduction from employee’s final check.”
On April 6, 1979, when their employment was terminated, Mr. and Mrs. Rowen were due final weekly wages of $151.80 and $128.38 respectively. On that date Mr. Rowen owed Mel’s $152.21 and Mrs. Rowen owed the account $177.34. When they asked for their final checks they were refused and advised that these sums would be applied to their respective accounts. This litigation followed.
There is some conflict in the testimony as to whether Mr. and Mrs. Rowen had knowledge of the rule that their final weekly checks would be applied to their respective accounts. Mrs. Rowen admitted receiving and receipting for a copy of the company rules but stated that she did not read the rules before receipting for them. Mr. Row-en stated that he was absent from work on the day the rules were handed out and that his wife signed for him. There is other evidence that the rules were well known to and discussed by all of the employees. We find that the plaintiffs had knowledge of the provisions for payment.
Plaintiffs’ first contention is that the rule requiring application of the last pay check to the charge account is in contravention of the special provision of the statute which requires payment for wages due within three days of termination of one’s employment. They cite as authority the cases of Hendrix v. Delta Air Lines, Inc., 234 So.2d 93 (La.App. 4th Cir. 1970); Duhon v. Prof Erny’s Music Co., Inc., 328 So.2d 788 (La.App. 3rd Cir. 1976); and Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1st Cir. 1979).
The cited authorities stand for the well-established rule that company policy cannot impose an adverse effect on the requirement for prompt payment of earned wages upon termination of employment. However, the facts in each of these cases are distinguishable from those in the instant case. The cited cases involved issues where the employers sought to delay payment based on a company rule that required an employee to wait seven to ten days (Hendrix), to sign a “Removal from Payroll” form (Duhon), or required one week’s notice before termination (Soday). In the case before us the question is, may an employer offset to the extent of an amount equal to one week’s wages, the amount it is owed by an employee from that employee’s final wages?
C.C. arts. 2207, 2208, and 2209 provide in essence that compensation takes place between two persons who are mutually indebted to the other whereby the debts are extinguished, provided that the debts are “equally liquidated and demandable.”
On the question of whether the respective obligations, i. e. the duty of the employer to pay final wages and the contractual obligation of the employee to liquidate his account out of final wages, meet the requirements for compensation under the articles of the Civil Code, we find they do. The sums involved here are for fixed amounts, known to both parties, and are equally demandable.
Plaintiffs argues that R.S. 23:631 and 632 are special statutes dealing with a particular subject and therefore supersede the general articles of the Code pertaining to the extinguishment of debts by compensation. Accordingly, plaintiffs submit that defendant as any other creditor should “have proceeded via collection proceedings” and that they were entitled to their wages under the statute. We disagree. Under the particu *895 lar facts of this case we find nothing repugnant in the requirement of the instant employer for an employee to satisfy his account out of his last week’s wages, particularly where the employee has knowledge of the requirement and enjoys the advantages of special discounts.
For these reasons the judgment of the district court is affirmed at appellants’ costs.

AFFIRMED.

. The discount is 15% on cash purchases and 10% on credit sales.