411 So.2d 1132 (1982)
Carroll Keifner, wife of/and Reed W. HOLMES
v.
TRADIGRAIN, INC.
No. 12548.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
Rehearing Denied April 16, 1982.
Writ Denied May 28, 1982.
*1133 Alonzo T. Stanga, III, Metairie, for plaintiff-appellee.
Sidney W. Provensal, Jr., New Orleans, for defendant-appellant.
Before GULOTTA, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff Carroll Keifner Holmes filed suit against defendant Tradigrain, Inc. to recover wages owed to her and additional penalties and attorneys' fees as provided by La.R.S. 23:631-32. After a trial on the merits, judgment was entered in favor of the plaintiff awarding her $1,288.63 for past due wages and attorneys' fees.[1]
On January 3rd, 1980 the plaintiff was hired by the defendant and reported to work on January 21. She was unable to complete allowance certificate forms for federal and state withholding tax [hereinafter referred to as "forms"] at that time because the company did not have any on hand. After only a few days at work, the plaintiff became dissatisfied, and on January 29, 1980, informed her supervisor that it was her last day on the job. She introduced a woman to her supervisor as a possible applicant for her position, and did not report to work on the following day.
As of February 4, 1980, the plaintiff had not received any money for the time that she had worked and called Tradigrain to ask for her paycheck. She was told that the forms, ordered on January 21, had been received and would be forwarded to her for signing. On February 12, the defendant received a demand letter from the plaintiff requesting payment of her back wages. On February 13, Tradigrain received a completed but unsigned state form in the mail from the plaintiff. The federal form was not received by the defendant. The state form was returned to the plaintiff for her to sign. On March 4, the defendant was served with the plaintiff's petition. On the following day, counsel for the defendant wrote a letter to the plaintiff explaining the reason for the delay in paying her and enclosing a check in the amount of $184.51 for her wages.
La.R.S. 23:631 provides that an employer must pay an employee any amount due under the terms of employment within three (3) days of the employee's resignation or discharge. If the amount due the employee is in dispute, the employer has an obligation to pay the undisputed portion of the amount.
If an employer fails to comply with the requirements of La.R.S. 23:631, the employee may recover the lesser of either: (1) ninety (90) days' wages at the employee's daily rate of pay, or (2) full wages from the time demand for payment was made until the employee is paid or else his wages are tendered to him. In addition to penalty wages, an employee may also recover reasonable attorneys' fees. La.R.S. 23:632. Because this statute is penal in nature, it is to be construed strictly. Seal v. Marco's, Inc., 343 So.2d 749 (La.App. 3d Cir. 1977).
Plaintiff was under a duty to complete the forms so that the defendant could pay her the amount actually due her. I.R.C. § 3402(f)(2). Her apparent failure to *1134 do so, however, does not obviate the defendant's duty to pay her. Furthermore, the defendant was under an obligation to provide the plaintiff with a form, which was not done. Id. Notwithstanding the plaintiff's failure to complete the forms, defendant could have paid her by withholding taxes from her as if she had chosen no exemptions. This is the procedure outlined in the Treasury Regulations. Treas.Reg. § 31.3402(f)(2)-1. Furthermore, the Louisiana State Withholding Certificate provides on its face that the employer will withhold state income tax from the wages without exemption if the employee fails to complete this form.
Defendant argues that it was acting in good faith in not paying the plaintiff and that the plaintiff herself was in bad faith in misleading Tradigrain by telling them that she would fill out the withholding forms and mail them back to the company.
In Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988 (La.App. 1st Cir. 1980), the court discussed the question of an employer's good faith in not issuing an employee's paycheck within the statutory period. If there is a good faith question as to whether the employer actually owes the wages or where there is an offset to the wages owed, failure to pay will not result in an assessment of penalty wages. When an employer acts arbitrarily, sets out "procedural pitfalls" for the employee, or simply is negligent in failing to pay past due wages, the employer will be subject to payment of penalty wages. Id. at 991, and cases cited therein. See also McCaskill v. Deviney Constr. Co., 323 So.2d 178 (La.App. 3d Cir. 1975).
The evidence presented at trial supports the finding that the defendant was negligent and acted arbitrarily in not paying the plaintiff once she made demand for payment on February 4, 1980. Although Jack Neyens, the plaintiff's supervisor, testified that the plaintiff would have received her paycheck on February 4, 1981, if she had come in to the office and filled out the forms at that time, the plaintiff herself did not testify that she was told anything other than the need for the forms to be completed. The woman at Tradigrain with whom plaintiff spoke on that date did not testify at trial. Mrs. Holmes testified that she had attempted to speak to Neyens on February 4, and was told that Neyens would return her call. When Neyens did not call her back, plaintiff attempted to reach him again on the next day and was put on hold for six (6) minutes after which time she hung up. On February 6, she again called Tradigrain and was told that Neyens was in conference. At that time, she testified that she told the person with whom she was speaking that if nothing were going to happen she would have to consult a lawyer.
Defendant claims that plaintiff "waived" her right to have her wages paid according to law by agreeing to complete the withholding forms thereby indicating her willingness to accept payment only after she completed the forms. The testimony of Mrs. Holmes clearly is not reconcilable with this assertion. No one actually a party to the February 4 telephone conversation between Mrs. Holmes and Tradigrain, other than plaintiff, testified at trial. Plaintiff did not testify that she was told that she would be paid only after completing the forms and that she had acquiesced to this demand at that time. Furthermore, Mrs. Holmes' actions and her repeated telephone calls to Tradigrain could not reasonably have been construed as consistent with a waiver of her right to prompt payment of wages.
Tradigrain was under a duty to pay the money due to the plaintiff and could have done so despite her failure to complete the required forms.[2] For that reason, the trial judge's determination of damages, including *1135 penalties from the date of demand, February 4, 1980, and attorneys' fees is correct. Furthermore, plaintiff has requested attorneys' fees for this appeal, and they shall be granted in the amount of $350.00.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff and against the defendant Tradigrain, Inc. in the sum of $1,288.63. The judgment shall carry legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff and against defendant in the sum of $350.00 for attorneys' fees for this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] Defendant had sent plaintiff her wages after the suit was filed.
[2] Furthermore, the defendant was under a duty to pay that amount of wages not in dispute. La.R.S. 23:631. The only dispute between Mrs. Holmes and Tradigrain was the amount of taxes to be withheld. The defendant could have paid the plaintiff, withholding the maximum amount possible, and later determined the exact amount. In fact, this was the eventual result.