DOMENGEAUX, Judge.
This is an appeal from a judgment of the district court which awarded plaintiff, Sharon Anne King, judgment against defendant, American Rice Growers Exchange, for full vacation benefits, penalties and attorney fees[1] under La.R.S. 23:631 and 632.[2] We reverse.
Plaintiff was a secretary for defendant in Lake Charles, Louisiana, and had been working for approximately one year when she resigned on or about June 5, 1981. At that time her accrued unused vacation time amounted to 72 hours or 9 days,[3] and plaintiff’s sick leave taken was 52.5 hours or 6.5 days over the sick leave that she had ac *905 crued.[4] Upon termination of plaintiff’s employment, defendant calculated the wages and benefits owed her. In so doing, defendant offset plaintiff’s excess sick leave days against plaintiff’s accrued vacation days, leaving a balance of 2.5 days vacation still owing to plaintiff which was paid to her in compliance with La.R.S. 23:631. Plaintiff filed this suit against her former employer for the unpaid portion of her accrued vacation (i.e., that portion which defendant offset against plaintiff’s excess sick leave) which amounted to $299.97.[5] She contends that defendant’s policy of deducting excess sick leave from accrued vacation is not found in defendant’s personnel manual nor was she informed of such, and therefore the deduction was improperly taken. The district court agreed and held in plaintiff’s favor.
The sole issue presented on appeal is whether or not defendant was entitled to the offset.
In Rowen v. Mel’s, 389 So.2d 893 (La.App. 4th Cir. 1980), writ denied 395 So.2d 811 (La.1980), suit was brought against the defendant clothing store challenging its policy of deducting, from the employee’s last week’s wages, any credit purchases outstanding on the employee’s store account. In that case the court addressed the issue of whether or not an employer could offset money owed it on account from the employee’s final paycheck as follows:
“C.C. arts. 2207, 2208, and 2209 provide in essence that compensation takes place between two persons who are mutually indebted to the other whereby the debts are extinguished, provided that the debts are ‘equally liquidated and demandable.’
On the question of whether the respective obligations, i.e. the duty of the employer to pay final wages and the contractual obligation of the employee to liquidate his account out of final wages, meet the requirements for compensation under the articles of the Civil Code, we find they do. The sums involved here are for fixed amounts, known to both parties, and are equally demandable.
Plaintiffs argues that R.S. 23:631 and 632 are special statutes dealing with a particular subject and therefore supersede the general articles of the Code pertaining to the extinguishment of debts by compensation. Accordingly, plaintiffs submit that defendant as any other creditor should ‘have proceeded via collection proceedings’ and that they were entitled to their wages under the statute. We disagree. Under the particular facts of this case we find nothing repugnant in the requirement of the instant employer for an employee to satisfy his account out of his last week’s wages, particularly where the employee has knowledge of the requirement and enjoys the advantages of special discounts.”
In the case at bar plaintiff contends that defendant’s policy to offset was not made known to her until her employment terminated, and as such this “unwritten policy” was in derogation of La.R.S. 23:631. We disagree.
Although defendant did not specifically spell out the manner in which it was to recover or handle sick leave taken in excess of that accrued, the Exchange’s personnel manual clearly establishes that employees were entitled only to ten days of paid sick leave per year.[6] It only follows that any sick leave taken beyond that accrued must be without pay. In this case, plaintiff took 6.5 days of sick leave, with pay, over that which she had accrued. Here as in Rowen, supra, we find that the sums involved are for fixed amounts ($46.15 per day), known to both parties, and equally demandable. *906 Accordingly, we think that defendant was entitled to offset plaintiff’s inordinate sick leave days against her accrued vacation leave.
Inasmuch as we have found that defendant was justified in his actions we need not address the issue of penalties and attorney fees provided for in La.R.S. 23:632.
For the above and foregoing reasons the judgment of the district court is reversed, and it is hereby Ordered, Adjudged, and Decreed that there be judgment herein in favor of defendant, American Rice Growers Exchange, and against plaintiff, Sharon Anne King, dismissing plaintiff’s suit at her costs.
REVERSED AND RENDERED.

. The judgment below awards plaintiff $299.97 in unpaid vacation leave, $4,153.00 in statutory penalties, and $700.00 in attorney fees.

. La.R.S. 23:631 provides generally that an employer must pay an employee the amount due under the terms of employment within three days after termination of the employment, and La.R.S. 23:632 provides for certain penalties and attorney fees in the event the employer fails or refuses to comply with the provisions of La.R.S. 23:631.

.Defendant’s personnel manual provides that permanent employees with less than one year’s service earn vacation leave at a rate of [5]/cths of a day after each month of employment.

.Under the provisions of defendant’s personnel manual, each employee accrues sick leave after the first three months of employment at the rate of one working day per month to a maximum of ten working days each year. All unused sick leave days that are not used during the current year may be carried forward to the next year.

. Plaintiff’s salary per day $46.15 for 6.5 days = $299.97.

. Ibid 3.