428 So.2d 539 (1983)
Michele Ann BECNEL
v.
ANSWER, INC., Its Successors or Assigns and/or Any Persons Doing Business as Answer, Inc.
No. 13281.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*540 Trudy H. Oppenheim, New Orleans, for plaintiff-appellant.
Gary M. Hellman, Schafer & Schafer, New Orleans, for defendants-appellees.
Before GARRISON, AUGUSTINE, and CIACCIO, JJ.
AUGUSTINE, Judge.
Plaintiff, Michele Ann Becnel, sued her former employer, Answer, Inc., for unpaid vacation wages, as well as penalties and attorney fees, allegedly due under L.S.A.-R.S. 23:632[1] within three days after she was terminated.
Ms. Becnel began employment with Answer, Inc. (a branch of Answer of Iowa) as a telephone operator on May 23, 1978. She continued in their employ without incident until May of 1980, when she was terminated due to the loss of customers and the closing of the downtown New Orleans office. Ms. Becnel was notified of her termination in a letter dated May 14, 1980, signed by her supervisor and the vice-president of the company.
On May 19th, Ms. Becnel wrote a letter to John Lund, the vice-president, demanding "all wages due ... which includes: gross, net, etc." by May 21, 1980. In addition, the *541 letter indicated that if she was not paid within the 72 hour grace period provided by L.S.A.-R.S. 23:631, her attorney would thereafter handle the matter. The statute provides:
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment....
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.

.....
On May 23rd, two days beyond the "grace" period, a check was issued to Ms. Becnel totalling $97.04 before deductions, representing regular pay for 29.30 hours worked during the pay period. No other demands were made until Ms. Becnel filed this suit on June 19, 1980, in which she specifically asked for unpaid vacation wages, penalties and attorney fees. Six months later, in December 1980, a check was issued to Ms. Becnel for two weeks vacation totalling $264.00 in gross pay. However, this check was not tendered to Ms. Becnel through her attorney until May, 1981.
After much delay, the trial in this matter was held on October 12, 1981. At that time the trial court findings were:
1. that the defendant paid the salary due within the delay allowed by law;
2. that there was a genuine dispute as to whether plaintiff was entitled to vacation pay;
3. that plaintiff was paid two days late and the court did "not feel that an actual delay of two days would entitle the plaintiff to penalties";
4. that the defendant was agreeable to discussing the matter with a view toward settlement but plaintiff (or her counsel) chose to proceed to trial for penalties and attorney fees;
5. that the plaintiff (or her counsel) sought punitive damages rather than reasonable damages and attorney fees; and the laws of our State do not permit the awarding of punitive damages.
In accordance with the trial court's findings, judgment was rendered in favor of the plaintiff against the defendant awarding $50.00 in penalties for late payment of vacation wages, and $250.00 in attorney fees plus costs. Plaintiff now appeals, alleging that the judgment is inadequate and inconsistent with the evidence, and seeks an increase in the amount of penalties and attorney fees.
Specifically, plaintiff argues that the trial court erred in finding there was a genuinely disputable question of plaintiff's entitlement to vacation wages. She also alleges that the evidence demonstrates bad faith on the part of the defendant in failing to pay her timely. And finally, plaintiff alleges that the trial court erred in its finding that the laws of the State do not permit the award of punitive damages.

I

Unpaid Vacation Benefits
All employees of Answer, Inc. received a handbook in which rules and policies were outlined. The vacation policy reads in part:
Full time employees (employee averaging at least 35 hours per week) are entitled to paid vacation as follows:
A. 1. Employee must work one year before any vacation is paid.
2. After one year and up to five years employment, two weeks paid.
3. After five years and up to fifteen years employment, three weeks paid.
4. After fifteen years employment, four weeks paid.
.....
C. Vacation pay may not be accumulated.
*542 The handbook further provides that the vacation period is from May 1 to October 31, during which only a limited number of employees may be given a vacation during any particular week. If an employee resigns or is dismissed for cause prior to or during vacation, the vacation earnings and other employee benefits will be forfeited.
Ms. Becnel testified that in her first year of employment she took a vacation. According to the policy, then, this was an unpaid vacation. In April 1980, during her second year of employment, Ms. Becnel notified her manager of her intention to schedule a vacation. She testified that although she made several requests for vacation during that time, no approval was ever given by her employer. After May 23, 1980, her vacation would have been forfeited. Ms. Becnel was terminated, however, before her requested two-weeks vacation had been approved. At the time she was terminated, her vacation time had not yet been forfeited under that clause in the policy which prohibits accumulated vacation. Clearly, Ms. Becnel made efforts to take her vacation and would have been entitled to do so had she not been terminated. The defendant admits that she was not terminated for cause, and therefore, that her benefits had not been forfeited under the terms of the policy.
Mr. Bridenstein, Secretary-Treasurer for Answer of Iowa, appeared for the defendant at trial. He testified that all payroll information is kept on a computer and a notation is made as to whether the pay is for regular, overtime, or vacation hours. When an individual takes a vacation, a time sheet is mailed to the main office designating vacation hours. Therefore, the company had at its disposal documentation which would have indicated whether or not plaintiff was entitled to a vacation or vacation pay.
L.S.A.-R.S. 23:631 provides that upon discharge or resignation of any laborer or other employee of any kind, it shall be the duty of the employer to pay the amount then due under the terms of employment. Berteau v. Wiener Corp., 362 So.2d 806 (La.App. 4th Cir.1978), is directly applicable to the present case. In Berteau, the plaintiff, after becoming eligible for one week of vacation under the terms of her employer's company handbook, and upon completion of one year of service, was terminated before taking her scheduled vacation. She thereupon requested her vacation pay, but it was denied.
In deciding that the plaintiff was entitled to vacation pay, this court in Berteau, 362 So.2d at 808 said:
"There is jurisprudence in Louisiana to the effect that vacation benefits are included in the definition of the `amount due under the terms of employment.' The Second and Third Circuits have held that vacation benefits are additional wages and are, therefore, to be included in the amount paid to the employee upon discharge. [citations omitted].
.....
"Appellant's right to her vacation had vested under the handbook and her request for its approval, and the company cannot force forfeiture of that right ... Mrs. Berteau clearly had a present interest in a vacation benefit and divesting her of this is a forfeiture."
Ms. Becnel met all the requirements imposed by the company handbook with regard to vacation pay. She was not terminated for cause and her eligibility to take a vacation had not yet lapsed under the clause which prohibited accumulation of benefits. Therefore, her right to vacation or vacation pay had vested under the terms of the handbook. Ms. Becnel was clearly entitled to the vacation pay, and the evidence shows that there could have been no reasonable dispute of Ms. Becnel's entitlement to vacation pay.

II

Penalties Under L.S.A.-R.S. 23:632
L.S.A.-R.S. 23:632 provides in part that:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for *543 ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages

.....
The jurisprudence of this state is to the effect that statutes which are expressly penal in nature are to be strictly construed. Mitchell v. First National Life Ins. Co., 236 La. 696, 109 So.2d 61 (1959). If it is determined that a bona fide dispute as to wages due existed at the time of the refusal or failure to pay, no penalties will be awarded. Holmes v. Tradigrain, Inc., 411 So.2d 1132 (La.App. 4th Cir.1982), writ denied, 414 So.2d 1252 (La.1982). For the employee to recover, the employer must have been motivated by bad faith or must be found to have acted in an `arbitrary or unreasonable' manner. Pittman v. Eyrand, 290 So.2d 800 (La. App. 4th Cir.1974).
It appears to this court that the actions by the defendant were arbitrary and unreasonable. The defendant unreasonably delayed determining whether or not the plaintiff was entitled to vacation pay. Given the testimony by Mr. Bridenstein, this information was literally at the company's fingertips on the computers at Answer's main office in Iowa. To determine whether a vacation had been taken it was only necessary to review the payroll records of the company for the preceding year.
By way of defense, Mr. Bridenstein testified that during the period in which Ms. Becnel requested to be scheduled for a vacation, the New Orleans office was undergoing changes in management and as a result there is no documentation in the records to support or refute her claim. In addition, defendant argues that due to the flooding in the New Orleans area when the office was moving, many files and records which would have indicated whether Ms. Becnel made any requests for a vacation were destroyed. These arguments lack merit. Whether or not there was documentation of a request for vacation is irrelevant. The defendant could have easily verified through the main office computer that Becnel had not taken a vacation.
Mr. Bridenstein also testified that the company had no idea Ms. Becnel was seeking vacation pay until suit was filed on June 19, 1980. But as we have already stated, the term "wages", under the statute, has been held by the courts in Louisiana to include vacation pay. Therefore, when Ms. Becnel demanded "all wages" in the letter dated May 19, 1980, vacation pay was necessarily included.
Even assuming, however, that the defendant was not aware of her demand until June 19, 1980, a check for the vacation pay was not issued until December 19, 1980, six months later. In light of the ready availability of information required to process plaintiff's claim, this six month period was clearly in excess of a reasonable time in which to respond. It has been held that when an employer is merely "negligent" in failing to pay past-due wages, penalty wages will be assessed. Holmes v. Tradigrain, Inc., supra. Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988 (La.App. 1st Cir.1980). In the present case, we find that the defendant's delay in tendering the vacation pay was both unreasonable and negligent.
We find that the actions of the defendant in negligently failing to determine whether the plaintiff was entitled to vacation pay and in unreasonably delaying the tender of the vacation pay until one year after termination constitute bad faith. Since the defendant failed to comply with the statute and offered no reasonable defense on the issue of entitlement, Ms. Becnel should be awarded penalties under the statute.
The trial court found that although the defendant was agreeable to discuss the matter with a view to settlement, plaintiff chose to file suit for the penalties and attorney fees. In Sifers v. Exxon Corp., 388 So.2d 763 (La.App. 4th Cir.1976), this court held that the plain meaning of `penalty wages' contemplated recovery even if the regular wages initially sought were, in fact, paid after demand but prior to suit. In the *544 present case, payment was made after the institution of the suit but prior to trial, therefore the plaintiff was still entitled to "penalty wages" under the statute.
The statute provides for penalties from the time demand for payment is made until the employer pays the amount due, or ninety days wages at the employee's daily rate of pay, whichever is the lesser amount. Since the employer tendered payment more than ninety days after the request was made, the ninety day penalty would be the lesser amount. The testimony indicated that Ms. Becnel was paid $3.30 per hour, eight hours a day, which computes to a daily rate of $26.40. The penalty of ninety days at a daily rate of $26.40 totals $2,376.00.

III

Attorney Fees
L.S.A.-R.S. 23:632 provides for attorney fees:
Reasonable attorney fees shall be allowed the laborer or employee by the court ... in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee ... (emphasis added)
This suit was "well-founded", as plaintiff has recovered $264.00 vacation pay plus $2,376.00 in penalty wages.
The trial court awarded $250.00 in attorney fees. Although the trial court is afforded great discretion in fixing such awards, we think this award is grossly inadequate in light of the time spent by plaintiff's attorney in preparing the case, the results obtained, the amounts awarded in similar cases, and the purpose of the statute to encourage workers to sue for unpaid wages and to motivate attorneys to prosecute such suits. Hess v. Pembo and Associates, 422 So.2d 503, (La.App. 4th Cir.1982).
Plaintiff's attorney introduced her time record in connection with this case. Many hours were spent in preparation of pleadings, discovery, conferences and attempting to counteract the delays by the defendant. Based on the survey of awards in similar cases set for in Hess, supra, we find that an award of $750.00 for pretrial and trial work, and an additional $250.00 for preparation and argument on appeal is appropriate.
Accordingly, for the foregoing reasons, the judgment of the trial court awarding plaintiff $50.00 in penalties is amended and the award increased to $2,376.00. That portion of the judgment awarding attorney fees of $250.00 to plaintiff is hereby amended and increased to $1,000.00. We further award judgment to the plaintiff for two weeks vacation pay in the sum of $264.00. Defendant is to pay all costs.
AFFIRMED AND AMENDED.
NOTES
[1] L.S.A.-R.S. 23:632 reads:

Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.