490 So.2d 479 (1986)
Clarence PINION
v.
UNION CARBIDE CORPORATION.
No. CA-3957.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*480 E. Howard McCaleb, III, Metairie, for plaintiff-appellant Clarence Pinion.
Dominic J. Gianna, A.C., Deborah D. Cunningham, Hammett, Leake & Hammett, New Orleans, for defendant-appellee Union Carbide Corp.
Before SCHOTT, BARRY and KLEES, JJ.
KLEES, Judge.
Plaintiff, Clarence Pinion, appeals from an adverse judgment in the trial court dismissing his demand for unpaid wages, penalties, and attorney's fees. The plaintiff filed suit against his former employer, Union Carbide Corporation, alleging that the defendant had unlawfully and unreasonably withheld wages due him.
Plaintiff, while working for Union Carbide, exercised his option under the vacation policy which allows the taking of an additional three paid vacation days in return for working three holidays at straight time (i.e., regular pay) instead of premium pay. Plaintiff was discharged after taking his three vacation days but prior to having worked the three scheduled holidays. Upon termination, the defendant offset the wages plaintiff would have earned had he worked the three holidays.
The trial judge, at the close of plaintiff's case, granted defendant a partial directed verdict dismissing plaintiff's claims for penalties and attorney's fees. When the defendant had rested its case, the trial judge dismissed the jury finding that the amount in dispute did not meet the ten thousand dollar requirement for a jury trial. The trial judge subsequently rendered judgment in favor of the defendant dismissing the plaintiff's claim for unpaid wages.
On appeal, plaintiff raises four specifications of error. He contends that the trial court erred in granting defendant the directed verdict dismissing his claims for penalties and attorney's fees; in dismissing the jury; in granting a directed verdict ex-proprio motu; and in its application of the law.
Plaintiff argues that the trial court erred in granting a partial directed verdict *481 dismissing his claim for penalties and attorney's fees. A discharged employee is required to be paid his final pay check within three days after termination. Failure to comply with this requirement allows the institution of a penalty against the employer. R.S. 23:631, 632. However, if a bona fide dispute as to the wages due existed at the time of the refusal to pay, no penalties will be awarded. Becnel v. Answer, Inc., 428 So.2d 539 (La.App. 4th Cir.1983), writ not considered 433 So.2d 158 (La.1983); Holmes v. Tradigrain, Inc., 411 So.2d 1132 (La.App. 4th Cir.1982), writ denied 414 So.2d 1252 (La.1982).
The trial court, in granting the directed verdict dismissing plaintiff's claim for penalties, found that a bona fide dispute existed as to the wages owed to the plaintiff by defendant. The evidence presented revealed that the defendant was acting in accordance with a standard corporate procedure. There was testimony by Union Carbide personnel employees that if an employee, who has exercised the holiday option, does not work any one of three designated holidays, he must designate another holiday to work. The offsetting of plaintiff's wages is consistent with and an extension of this corporate procedure. The trial court did not err in finding that the defendant acted in good faith in offsetting the plaintiff's wages.
Plaintiff also argues that the trial court erred in dismissing the jury, and then directing a verdict in favor of the defendant dismissing plaintiff's remaining claim for unpaid wages. We are cognizant of defendant's argument that the plaintiff did not object to the striking of the jury, and therefore, may not raise this error on appeal. Usually, when a party fails to raise an objection, it is viewed as waived and the party may not complain of the alleged error before the appellate court. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Oh v. Allstate Ins. Co., 428 So.2d 1078 (La.App. 1st Cir.1983). However, L.S.A.-C.C.P. article 2164 mandates that the appellate court shall render any judgment which is "just, legal and proper upon the record on appeal." The "Official Revision Comments" under article 2164 state that the purpose of the article "is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." Further, this court has previously held that when the entire record is before the appellate court and the question raised is crucial to the resolution of the litigation, the appellate court is compelled to consider the issue despite the party's failure to object at trial. Dixie Life Insurance Co. v. Pacific Mutual Life Insurance Co., 416 So.2d 139 (La.App. 4th Cir.1982).
In the case at bar, the dismissal of the jury is indeed important to the resolution of the litigation. If the jury was improperly dismissed, the plaintiff's right to a jury trial has been violated. Under L.S.A.-C.C.P. article 1732, a party is entitled to a jury trial when the amount in dispute exceeds ten thousand dollars. Plaintiff originally sought $18,091.06 as damages ($17,507.48 as statutory penalties and attorney's fees, and $583.58 as unpaid wages). After directing a verdict in favor of the defendant dismissing plaintiff's claim for penalties and attorney's fees the trial court realized that plaintiff's remaining claim was for $583.58. The trial court then dismissed the jury, and rendered judgment in favor of the defendant dismissing plaintiff's claim for unpaid wages. The trial transcript reveals that the trial court's judgment dismissing the claim for unpaid wages was not a directed verdict. The jury had been dismissed, and the trial judge had been substituted as the fact-finder when the judgment was rendered.
After a review of the facts, we are of the opinion that the trial court's actions did not violate plaintiff's fundamental right to a jury trial. We agree with our brothers on the 5th Circuit Court of Appeal who have stated:
The right granted by the legislature with express limitations is contingent upon the good faith amount in dispute, not simply the amount demanded. (Revised *482 Comments LSA-C.C.P. 1732, paragraph B). Thus, the right may rise or fall depending upon the good faith actions of plaintiff in making his demand whether it remains constant or changes upward or downward due to factors subsequently discovered. An original action for damages below the minimum might later be amended to a higher amount so as to cause the right to a jury trial to vest. A later amendment to reduce should not be treated differently. Rico v. Vangundy, 461 So.2d 458, 462 (La.App. 5th Cir.1984).
The amount in dispute, after the directed verdict dismissing plaintiff's claim for penalties, fell much below the jurisdictional amount. The trial court did not err in striking the jury at the time of trial.
Plaintiff's final argument is that the trial court erred in its application of the law of obligations. The trial court relied upon the compensation articles (C.C. article 1893 et seq.) in its decision. Where the duty of the employer to pay final wages and the contractual obligation of the employee to liquidate his account out of final wages meet the requirements for compensation (i.e., the sums involved are for fixed amounts, known to both parties, and are equally demandable), the employer is entitled to an offset from the employee's final wages. King v. American Rice Growers Exchange, 417 So.2d 904 (La.App. 3rd Cir. 1982), writ denied 421 So.2d 909 (La.1982); Rowen v. Mel's, 389 So.2d 893 (La.App. 4th Cir.1980), writ refused 395 So.2d 811 (La. 1980).
In the present case, the sums due both parties were fixed. Pinion's daily salary of $194.53 was the basis of wages earned by plaintiff and wages owed to Union Carbide for the vacation time taken under the holiday option. Pinion had chosen the holiday option and knew the obligations which existed under the option. It would have been entirely possible for Pinion to recover his holiday pay if he had worked his scheduled holidays and had not taken his vacation days prior to the termination. Union Carbide should be allowed to recover the wages paid to one who had not worked the scheduled holidays prior to discharge.
A review of the record reveals that the trial court did not err in applying the compensation articles. Union Carbide, as Pinion's employer, had the right to offset the three days straight time pay from the plaintiff's final paycheck.
Accordingly, the judgment of the trial court in favor of the defendant, dismissing plaintiff's claim is affirmed.
Affirmed.