SCHOTT, Judge.
This suit by an employee for unpaid wages plus penalties and attorney fees was dismissed on a motion for summary judgment. In his appeal the employee contends that there are genuine issues of material fact which preclude the granting of a summary judgment. Specifically, he argues that he was entitled to vacation pay which the employer wrongfully treated as a gratuity or bonus.
Plaintiff was employed by defendant on October 1, 1984 as Director of Catering at defendant’s Clarion Hotel in New Orleans. There was no written contract of employment; however, plaintiff was provided with an Employee’s Handbook which provided that two week’s vacation pay is earned after one full year of employment. Plaintiff’s employment was terminated in July, 1985 and he was given a check for $727.62 consisting of $576.93 for wages through the date of termination; $64.66 for gratuities earned by him; and $865.39 for 1.5 weeks of vacation; less $106.25 for social security and $673.11 for outstanding bills due the hotel by Lampert and Anderson who had been guests at the hotel four months previously.
The motion for summary judgment was based upon the pleadings and depositions of plaintiff and the hotel’s general manager and its comptroller. These hotel officials testified that plaintiff was not due any vacation time under the hotel’s policy as stated in the handbook; but the manager decided to give plaintiff a pro rata of vacation pay when he terminated plaintiff even though this was “against policy.” Plaintiff concedes that he read the handbook and knew that he was not due vacation pay under its terms when he began his employment, but he claims an issue of material fact bearing upon his entitlement to vacation pay arose out of the fact that defendant’s manager decided to pay him and the manager’s testimony that he had done the same thing on a prior occasion with respect to another employee.
The basic principles governing the review of a summary judgment are so well established that they require no citation of authority. The burden of proof to show that there is no genuine issue of material fact is squarely on the mover; the facts relating to the motion must be viewed in a light most favorable to the party opposing the motion; and every reasonable doubt should be resolved in favor of the party opposing the motion. Based upon these principles we are convinced that the trial court properly granted the motion.
Since plaintiff was employed for a definite term he was terminable at the will of his employer. LSA-C.C. 2746. However, it was the employer’s duty to pay him the amount due under the terms of his employment in default of which the employer is liable to the employee for penalties and attorney fees. R.S. 23:631 and 632. The “amount then due under the terms of employment” pursuant to R.S. 23:631 includes accrued vacation with *1234 which the employee has become vested by virtue of his having been employed for the amount of time specified in the employee handbook. Becnel v. Answer, Inc., 428 So.2d 539 (La.App. 4th Cir.1983); writ not considered 433 So.2d 158 (La.1983); Draughn v. Mart, 411 So.2d 1188 (La.App. 4th Cir.1982), writ refused, 415 So.2d 944 (La.1982).
The uncontradicted facts in this case are that plaintiff had no contractual or legal claim to accrued vacation pay because he had not been employed for the one year term on which the employee handbook conditioned entitlement to a vacation. When plaintiff was terminated he had no basis on which to expect much less claim vacation pay. The manager’s decision resulted in the payment of a gratuity or a bonus which cannot be construed as an amount due plaintiff when he was terminated. The fact that the manager gave a similar bonus to another employee at one time cannot support a conclusion that plaintiffs contract of employment was amended to shorten the period of employment required for him to acquire a vested right to vacation pay.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED