GUIDRY, Judge.
Plaintiff, Gloria Demery, filed this suit seeking to recover wages allegedly due her and yet unpaid together with statutory penalties and attorney’s fees, pursuant to La. R.S. 23:631 et seq. Defendant, Cele Cook, d/b/a Hasty Stop, filed an answer generally denying the allegations of plaintiff’s petition and a reconventional demand seeking *158 to recover unpaid rents allegedly owed by plaintiff. The trial court rendered judgment dismissing plaintiff’s suit, finding that all unpaid wages due plaintiff, upon termination of her employment, were offset by rents owed to defendant, her employer. Further, judgment was rendered in favor of Cook, plaintiff in reconvention, for the rent due, over and above the amount offset. Plaintiff appealed.
FACTS
The following salient facts are taken from the narrative of facts agreed to by the parties.
Plaintiff was employed as a clerk at the Hasty Stop, a convenience store owned by defendant and located in the City of Natchitoches, Louisiana. Plaintiff’s employment with defendant terminated on February 18, 1986. Plaintiff was not paid wages for work performed on February 10, 1986 and February 17, 1986, and was owed $56.11 in wages by defendant.
Plaintiff rented a house owned by defendant, Cele Cook. Plaintiff owed defendant $96.00 in unpaid rent when her employment at the Hasty Stop terminated. Plaintiff and defendant had no formal written agreement as to the payment of rent for the house. Plaintiff paid defendant a portion of the rental due in cash and obtained receipts after she was paid her wages.
On appeal, plaintiff urges the following as error:
1. The trial court erred in applying the compensation provisions of La. Civil Code Art. 1893 to defeat plaintiff’s action for unpaid wages, statutory penalties and attorney’s fees.
2. The trial court erred in failing to award penalties and attorney’s fees, pursuant to La.R.S. 23:632.
La. Civil Code Article 1893, as amended in 1984, reads, in pertinent part, as follows:
“Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
Delays of grace do not prevent compensation.”
In determining that La. Civil Code Art. 1893 is applicable under the facts presented, the trial court correctly reasoned that:
Basically, Mrs. Demery's employment with Ms. Cook terminated on February 18, 1986. Whether it was voluntary on her part or that she was fired is of no moment. On February 18, 1986, Mrs. Demery was owed $56.11 for wages earned. Ms. Cook was owed $96.00 for rent due and owing as of that date. As the Court reads Article 1893 of the Civil Code, the lesser debt, being the wages due Mrs. Demery, was extinguished. Since compensation takes place by operation of law, nothing was due Mrs. Dem-ery on February 18,1986 except a $56.11 credit toward her past due rent. The Court then cannot find that Ms. Cook was arbitrary and capricious in not paying a debt which had been extinguished by operation of law. By the same token, attorney’s fees cannot be awarded for the prosecution of a claim which had been extinguished by compensation.”
Appellant argues that La. Civil Code Article 1893 is inapplicable because the amount of the rental debt was not fixed or certain. We find no merit in this contention. The narrative of facts signed by all parties, explicitly states that the amount of unpaid last wages owed was $56.11 and the amount of unpaid rental was $96.00. Obviously, the counteracting debts were fully liquidated and then due.
Appellant next contends that the debts were not equally demandable arguing that the accepted pattern for payment of rent was for Mrs. Demery to pay various sums from time to time towards her rent after receiving her pay check and, thus, she was justified in continuing this method of payment. Although this may have been the accepted mode for payment, La. Civil Code Article 1893 states, in part, that “[djelays of grace do not prevent compensation.” Consequently, the unpaid *159 rental owed by plaintiff on termination of her employment was in fact equally de-mandable despite any grace periods previously allowed by defendant.
The trial court’s resolution of the issue presented is supported by the decision in Rowen v. Mel’s, 389 So.2d 893 (La.App. 4th Cir.1980), writ denied, 395 So.2d 811 (La.1980), and our decision in King v. American Rice Growers Exchange, 417 So.2d 904 (La.App. 3rd Cir.1982), writ denied, 421 So. 2d 909 (La.1982). In Rowen, supra, plaintiffs sued their employer for unpaid last wages alleging that a full reduction from their final pay checks of sums owed to the employer for merchandise charged was in contravention of the special provisions of La.R.S. 23:631 et seq. The court in Mel’s concluded that La. Civil Code Articles 2207, 2208 and 2209 (presently La.C.C. art. 1893) were applicable because the counteracting debts were for “fixed amounts, known to both parties, and equally demandable”. Plaintiff seeks to distinguish Rowen and King, supra, arguing that the employees’ debt in both cases was directly related to their employment and thus distinguishable from the nonwork related rental due by plaintiff. A thorough review of the jurisprudence involving the application of La. Civil Code Article 1893 to claims for unpaid wages does not reveal any distinction as to the source or nature of the counteracting debts giving rise to the offset. Furthermore, La. Civil Code Article 1894 provides in pertinent part that: “[c]ompensation takes place regardless of the sources of the obligations”. Therefore, it does not matter that the debt of plaintiff to defendant did not arise out of plaintiff’s employment relationship with defendant.
For these reasons, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED.