WARD, Judge.
This appeal arises from Lyman Scott’s claim of a slip and fall accident which occurred on April 25, 1985 at the Schweg-mann Giant Supermarket, Inc., located on Annunciation Street. Lyman Scott allegedly sustained soft tissue injuries to his back, neck and knee when he fell in a puddle of unidentified liquid created by a leaking meat counter.
On the morning of the trial, Scott reduced his claim for damages from $500,-000.00 to $9,900.00. Over Schwegmann’s objection, the judge struck the jury trial because there is a right to trial by jury only when the claim exceeds $10,000.00. At the conclusion of the trial, Judge Ortique erroneously awarded Scott damages of $12,-179.00 an amount in excess of the claim. This error was later corrected and the damages were reduced to $9,900.00.
Schwegmanns contends the trial court committed reversible error when it denied its request for a jury trial. Schwegmann relies on Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988), which holds that when a good faith amount in dispute exceeds $10,000.00, a plaintiff should not be able to file a demand for less or reduce the initial demand to less for purposes of defeating the defendant’s right to a jury trial. Schwegmann’s argument is supported by the Trial Court’s initial award of damages of more than $10,000.00. On the other hand, Scott asserts that the reduction was made in good faith and argues that he previously offered to settle the. claim for less than $10,000.00.
This Court has previously held that the trial court may strike the jury when it believes the amount prayed for was reduced in good faith. Pinion v. Union Carbide Corp., 490 So.2d 479 (La.App. 4th *63 Cir.1986). But an appellate court will not disturb a trial court’s factual finding unless it is “manifestly erroneous” or “clearly wrong.” Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Dominique, 365 So.2d 1330 (La.1978). In the instant case, Judge Ortique evaluated the circumstances and apparently . believed Scott’s reduction was made in good faith. “Good faith” is a factual issue and because we cannot say it was manifestly erroneous this court will not disturb the trial court’s finding.
Schwegmann secondly asserts that the evidence clearly showed that Scott faked the accident. To support their claim Schwegmann called Mr. Partman, who was working behind the meat counter on the day of the incident.
Partman testified as follows:
A. I was standing on the case — behind the ease, on an elevated step behind the case. Mr. Miles was standing beside the case and on the aisle.
Q. Mr. who was?
A. Mr. Miles.
Q. Can you describe what you saw involving Mr. Scott?
A. Mr. Scott and another guy, I’m not sure if its him (Mr. Jackson) or not, I don’t remember his face, but they were coming down the bread aisle ... They was coming towards the meat department. One was pushing the basket, one was walking in front holding the basket on the left-hand side ... and as they began to turn around the meat case, they came by the meat case and bypassed the water.
They came by the edge of the water there with their buggy and I seen Mr. Scott look back at the water and came back by and held onto the basket, kneel down and got back up and he laughed and his friend laughed. And I laughed along with them and I told Jerome, you see this fake accident? And he said, call security. Mr. Scott said that.
Q. Mr. Scott said that?
A. He said, call security.
Q. Why did you laugh?
A. Because I seen that it was a fake accident.
Q. Were they laughing?
A. Yes. Yes.
In his oral reasons for judgment, Judge Ortique states that he believes Mr. Part-man to be a “reasonable, rational person” but that he also believes the testimony of Mr. Miles, an employee of Schwegmann who was also working behind the meat counter. Judge Ortique found Miles testified he only saw Scott getting up out of the puddle, and that he did not see Scott fake the accident.
Schwegmann asserts that Mr. Miles’ testimony meant only that Miles did not see Scott, slip and fall, and did not know if he faked the accident because he only saw Scott get up. Schwegmann contends that Judge Ortique erroneously believed Miles saw the whole accident.
Apparently Judge Ortique gave more credence to the testimony of Mr. Miles. Because we cannot say Judge Ortique was manifestly erroneous in his assessment of the witnesses we will not reverse his finding.
Schwegmann, in their third assignment of error, asserts that they are not liable because warning signs were placed in the area. One of the witnesses, Mr. Gatlin, an employee of Schwegmann testified that a warning sign was posted near the puddle before the accident occurred. Judge Or-tique did not address Gatlin’s testimony in his reasons for judgment. He obviously chose to ignore Gatlin’s testimony and relied solely on Mile’s testimony and his own evaluation of what Partman saw:
Let us look at Mr. Partman’s testimony because that’s the only testimony that can help Mr. Schwegmann and his operations, the only testimony that can help him is Mr. Partman, and Mr. Partman says he could see everything. The one thing he didn’t see was the sign. He didn’t see a sign that was two feet high, but he could see the water. That certainly was not two-feet deep ... One of the laws of physics, of course, is that the angle of reflection is equal to the angle of refraction, and if his angle of refrac *64 tion going from his eye to the floor could see the water, it is likely that he could have seen the sign if it was there because the sign was taller....
The trial judge as trier of fact, has vast discretion in determining the credibility of witnesses. Although Gatlin testified he saw the sign on the way back from the warehouse before the accident occurred, Judge Ortique apparently believes Gatlin was mistaken about the exact time he saw the warning sign. Judge Ortique, after listening to the testimony and evaluating the credibility of the witnesses found in favor of Scott. Members of this panel do not agree with the Trial Court’s findings of fact but we do agree that the trial record does not show they are manifestly erroneous. For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.