SCHOTT, Chief Judge.
Plaintiff, Mary Suzanne Krajcer, brought this action for wages, penalty wages, and attorney’s fees against defendants D.H. Holmes, her former employer, and Holmes’ successor, Dillard Department Stores. Holmes paid plaintiff’s wages and compensated her for unused vacation, and the matter proceeded to trial on the issue of penalty wages and attorney’s fees. Plaintiff appeals the trial court judgment in favor of defendants.
Plaintiff was employed by D.H. Holmes as a buyer for approximately 12 years at an annual salary of $36,000.00. Her position was eliminated when Holmes merged with Dillard. On May 9, 1989, her last day of employment, plaintiff went to the office of her department head to pick-up her final pay check. At this time, she was asked to sign a document entitled “Summary of Payment Upon Termination.” In pertinent part, this form itemized the amounts due the employee and called for an acknowl-edgement by the employee of receipt of final payment. The itemization included nothing for severance pay.
Company policy dictated that an employee sign the form as a prerequisite to issuance of the final pay check. Plaintiff believed that she might be entitled to severance pay and requested that she be permitted to phone her attorney to ask wheth *172 er she could sign the form without waiving any rights to severance pay. When her request was refused, plaintiff declined to sign the form and Holmes withheld the payment.
Plaintiffs supervisor referred the matter to Mr. Williams, the Director of Employee Services. When plaintiff contacted Williams, she was told that she would not receive her pay until the acknowledgment form was signed. Plaintiff then went to the Payroll Department, submitted a stamped, self-addressed envelope and asked that the check be mailed to her. The Department turned the envelope over to Williams, but the check was not mailed.
By letter dated May 12, 1989, plaintiffs attorney demanded payment and informed Holmes that suit would be filed if she was not paid. Plaintiff filed suit on May 16, Holmes was served on May 22, and it tendered payment on May 25. Plaintiff accepted payment reserving her right to proceed with the action for penalty wages and attorney’s fees.
Based upon these facts, the trial court concluded that Holmes was justified in withholding payment, that Holmes acted in good faith, and that plaintiff contributed to the delay in payment. The trial court reasoned that it could not hold Holmes responsible for plaintiffs mistaken belief that by signing the acknowledgment form she was relinquishing her right to severance pay benefits.
Plaintiff argues that the trial court erred as a matter of law in finding that Holmes was justified in withholding her pay because of her refusal to sign the document. Holmes claims that it acted in good faith in withholding payment in an attempt to get plaintiff to execute the acknowledgment form, a procedure which is beneficial in proving that it complies with federal regulations.
R.S. 23:631 provides that, upon the discharge of an employee, it is the duty of the employer to pay wages due not later than three days following the date of discharge. Plaintiffs last day of employment was May 9, 1989, and payment became due on May 12th. Payment was not made until May 25th. Pursuant to R.S. 23:632, an employer who fails to comply with the provisions of R.S. 23:631 becomes liable for penalty wages. Reasonable attorney’s fees are also recoverable against the employer if the suit for unpaid wages is well-founded.
Penalties are not assessed against an employer who withholds payment in good faith as when the plaintiff held the defendant’s property or where the defendant believed that wages were not owed or that defendant was entitled to an offset. Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988 (La.App. 1st Cir., writ denied 383 So.2d 1016 (La.1980). However, “[w]hen an employer acts arbitrarily, sets out ‘procedural pitfalls’ for the employee, or simply is negligent in failing to pay past due wages, the employer will be subject to penalty wages.” Holmes v. Tradigrain, 411 So.2d 1132 (La.App. 4th Cir.1982), writ denied 414 So.2d 1252 (1982).
In Holmes, this court considered whether the failure by the employee to complete federal income tax exemption forms provided justification for the employer’s failure to pay final wages to the employee. The court reasoned that even though the law required the employee to sign the forms, the employer was still obliged to pay her on the basis that she had no exemptions for tax purposes.
Appellees admitted that the sole reason Holmes refused to remit payment was because plaintiff would not sign the acknowledgment form. Under the Holmes rationale, plaintiff should have been paid her final wages regardless. Furthermore, a fair reading of the form would inhibit a reasonable person from signing it because it did not clearly reserve plaintiff’s right to pursue a claim for severance pay. Appel-lees also failed to show that Holmes withheld payment of wages because a good faith question existed as to the amount owed or because it was entitled to set-off. Accordingly, the trial court erred in failing to assess penalty wages and attorney’s fees against appellees.
R.S. 23:632 sets penalty wages at either ninety days wages at the employee’s daily rate of pay, or full wages from the time the employee’s demand for payment was made until the employer paid or tendered the *173 amount of unpaid wages, whichever is the lesser amount. On May 9th, plaintiff demanded payment and on May 25 payment was tendered. Thus, plaintiff is entitled to seventeen days at $150 per day or $2,550.00.
Plaintiff is also entitled to reasonable attorney’s fees. For services rendered while the case was pending in the trial court her attorney billed her $3,571.25 based upon an hourly rate of $125.00. Plaintiff seeks this amount plus $3,625.00 for services rendered on appeal.
We have concluded that a total fee of $5,000.00 is appropriate.
Accordingly, the judgment of the trial court is reversed and set aside. There is judgment in favor of plaintiff, Mary Suzanne Krajcer, and against defendants, D.H. Holmes Co. Ltd. and Dillard Department Stores, Inc., jointly and in solido, for the sum of $2,550.00 with legal interest from date of judicial demand until paid plus $5,000.00 for attorney’s fees and for all costs of these proceedings.
REVERSED AND RENDERED.