hGREMILLION, Judge.
The defendants, Ke-Co., Inc., and its workers’ compensation insurer, Louisiana Workers’ Compensation Corporation (referred to collectively as LWCC), appeal the judgment of the workers’ compensation judge finding them no longer entitled to a Garrett offset against Social Security disability benefits received by the plaintiff, Ronald Alleman. We affirm.
FACTS
Alleman suffered a work-related injury to his back and began receiving temporary total disability benefits (TTD benefits) from LWCC. Thereafter, the parties entered into a stipulated judgment recognizing LWCC’s entitlement to a Garrett offset pursuant to La.R.S. 23:1225(C) against the Social Security disability benefits received by him. The judgment stated:
That based upon the benefits received by claimant from the Social Security Administration and in consideration of the claimant’s average weekly wage, Louisiana Workers’ Compensation Corporation is entitled to an offset in the amount of $124.29 per week or $497.16 per month against any future compensation amounts. Henceforth and as long as claimant continues to receive social security retirement benefits the obligation of Louisiana Workers’ Compensation Corporation and/or the employer to the claimant shall be no greater than $124.29 per week or $497.16 per month.
*411 The stipulated judgment was rendered on May 3,1999.
Fifteen days later, on May 18, 1999, the Louisiana Supreme Court rendered Al Johnson Construction Co. v. Donald Pitre, 98-2564 (La.5/18/99); 734 So.2d 623, overruling its prior decision in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841, which interpreted La.R.S. 2311225(C)[1] to find | ¿that an employer was entitled to a La.R.S. 23:1225(0 offset if its employee received Social Security disability benefits contemporaneously with his workers’ compensation benefits.
In Al Johnson Construction Co. v. Pitre, 734 So.2d 623, the supreme court overruled Garrett finding that the term “benefits under disability benefits plans” does not include Social Security disability benefits. Since federal law already prevents a temporarily, totally disabled employee’s Social Security disability benefits and workers’ compensation benefits from exceeding eighty percent of his average weekly wage, the court held that excessive duplicative recovery by the employee under both schemes could not occur.
The reverse offset allowed under La. R.S. 23:1225(A)[2] allows an employer to reduce the duplicate benefits received by a permanently, totally disabled employee to the federal ceiling of eighty percent of his average weekly wage. | P,However, under the court’s interpretation 'in Garrett, the employer was allowed to reduce the temporarily, totally disabled employee’s duplicate disability benefits, which federal law already limited to eighty percent of his average weekly wage, even further, to sixty-six and two-thirds percent. Finding that the Legislature could not have intended this “disparate treatment” between permanently totally disabled employees and temporarily disabled employees, the court held that the “term ‘[bjenefits under disability benefit plans’ in La.R.S. 23:1225 C(l)(c) does not include Social Security Disability benefits.” Id. at 628.
Subsequent to the holding in Al Johnson Construction Co., Alleman requested LWCC to remove the offset from his TTD *412 benefits. LWCC refused based on the stipulated judgment. He then filed a disputed claim for compensation seeking to have the offset removed from his benefits and an award of penalties and attorney’s' fees. The matter was submitted to the workers’ compensation judge on briefs. Finding that Al Johnson Construction Co. was interpretive law, the workers’ compensation judge applied it retroactively to find that LWCC was no longer entitled to the Garrett offset. She removed the offset and ordered LWCC to pay Alleman the amount subtracted from his benefits as a result of the offset, retroactive to May 18, 1999. She denied Alleman’s claim for penalties and attorney’s fees. This appeal followed.
ISSUE
LWCC argues that the workers’ compensation judge erred as a matter of law in removing the offset.
JjDISCUSSION
LWCC’s argument is based on two grounds. First, it argues that the offset should not have been removed because the stipulated judgment awarding it was a final, non-appealable judgment. Second, it claims that it obtained a vested property right in the judgment, which cannot be divested through the retroactive application of Al Johnson Constmction Co.
Al Johnson Construction Co., 734 So.2d 623, is interpretive jurisprudence. Interpretive jurisprudence, like interpretive legislation, will be applied retroactively unless it acts to disturb a vested right. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992); Insurance Co. of North America v. Gaylord Container Corp., 99-0904 (La.App. 1 Cir. 6/23/00); 764 So.2d 1214. The question here is whether LWCC obtained a vested property right as a result of the stipulated judgment.
In Picard v. Vermilion Pañsh School Board, 98-1933, p. 6 (La.App. 3 Cir. 6/23/99), 742 So.2d 589, 592-93, writ denied, 99-2197 (La.11/19/99); 749 So.2d 675, we quoted Berteau v. Wiener Corp., 362 So.2d 806, 808-09 (La.App. 4 Cir.1978), writ denied, 362 So.2d 806 (La.1978):
A vested right is defined as that case when “the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right.” Tennant v. Russell 214 La. 1046, 39 So.2d 726 (1949) [quoting 16 C.J.S., Constitutional Law, § 215, p. 624],
Since the offset awarded to LWCC was conditioned upon Alleman receiving Social Security disability benefits, we hold that it did not obtain a vested | ^property right via the stipulated judgment. Accordingly, since Al Johnson Construction Co. is interpretive jurisprudence, the workers’ compensation judge did not err in applying it retroactively to the date it was rendered.
Nor do we agree that Al Johnson Construction Co. does not apply in this instance because the stipulated judgment of May 3, 1999, was a final, non-appealable judgment. A workers’ compensation judge retains continuing jurisdiction over a case and “he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified.” La.R.S. 23:1310.8(A)(1). Accordingly, we affirm the judgment of the workers’ compensation judge. This assignment of error is dismissed as being without merit.
*413 CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. The costs of this matter are assessed to the defendants-appellants, Ke Co., Inc. and Louisiana Workers’ Compensation Corporation.
AFFIRMED.

. If an employee received remuneration from:
(a) Benefits under the Louisiana Workers' Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers’ compensation benefits.
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.

. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.