DECUIR, Judge.
Alfred Deville sustained a work related injury on May 5, 1994, while employed by Technical Resource. As a result of the injury, he was rendered totally disabled and began receiving workers’ compensation benefits from the Louisiana Workers’ Compensation Corporation (LWCC) and social security disability benefits from the federal government. In 1998, LWCC off *801 set the amount of its payments to Deville in relation to the amount of social security benefits he was receiving. In 1999, Deville requested that the offset be removed based on a change in the law. The issue before the court in this appeal is whether the offset can be removed retroactive to the date it was initiated or merely to the date that the change in the law occurred.
The record indicates that LWCC was paying Deville $85.00 per week in compensation benefits. LWCC sought an offset based upon the Louisiana Supreme Court’s interpretation of the wage loss benefit coordination provision at La.R.S. 23:1225(C) in the case entitled Garrett v. Seventh Ward Gen. Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. The Garrett case held that the amount of social security disability benefits could be used to offset indemnity benefits, and it recognized that the Social Security Administration was also entitled to an offset. Thus, the case resulted in double offsets and the reduction of benefits to a point lower than that which a disabled person would otherwise be entitled to receive.
In 1999, the supreme court specifically overruled Garrett in Al Johnson Construction Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623. There, the court determined that La.R.S. 23:1225(0 did not apply to social security disability benefits. The court recognized that the federal offset provisions already prevent a social security disability recipient from receiving more than a certain percentage of his pre-injury wages regardless of what other sources of disability income he may have. Therefore, allowing the compensation insurer to take an offset when the federal benefits were already reduced to prevent “double recovery” by a claimant was neither contemplated by La.R.S. 23:1225(C) nor fair to the injured worker.
In the case at bar, LWCC began taking an offset in 1998, reducing benefits to De-ville by approximately $60.00 per week. Deville agreed to the reduction because the Garrett decision was thought to be the controlling interpretation .of § 1225(C) at the time. A few months after Garrett was overruled by Al Johnson Construction, Deville filed a disputed claim with the Office of Workers’ Compensation asking that the offset and $60.00 reduction in weekly benefits be removed. Eighteen months later, on the morning of trial, LWCC finally agreed to remove the offset and reinstate Deville’s benefits. Judgment was entered to that effect.
Although no evidentiary hearing was held, the parties and the judge spoke on the record about the terms of their agreement. Essentially, the parties agreed that the offset would be removed retroactive to the date of the Al Johnson Construction decision, Deville would be reimbursed for the reduction in benefits since that date, and Deville would waive his right to seek penalties and attorney’s fees “with respect to the removal of the Garrett offset.” LWCC did not agree with Deville’s assertion that the offset should be removed retroactive to the date it began since it was initiated under a rule of law that was later found to be erroneous; thus, Deville specifically reserved his right to appeal that issue. The trial judge, we are told in brief, had indicated off the record that she would award retroactive relief only to the date of the Al Johnson Construction decision, and that was what was awarded to Deville in the judgment before us. In this appeal, Deville urges us to apply the Al Johnson Construction decision retroactive to the date the offset became effective, October 26,1998.
lain order to determine whether we should apply the effect of the Al Johnson Construction decision prior to the date it *802 was handed down, we must consider the nature of the holding in that case as well as the inequities that would result from restricting or expanding its operation. For guidance, we look to Succession of Clivens, 426 So.2d 585 (La.1982), a decisive case on the inheritance rights of illegitimate children. The case stated the general rule that unless a decision specifies otherwise, “it is to be given prospective and retroactive effect.” 426 So.2d 585, 594. However, there are instances when a case should not be given retroactive effect. Citing Lovell v. Lovell, 378 So.2d 418 (La.1979), the court explained the criteria which should be considered in determining whether a judicial decision should be made nonretroactive:
(1) [T]he decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.
426 So.2d 585, 594-5.
In the instant case, the Al Johnson Construction case did overrule precedent upon which litigants have relied, but that precedent was legally flawed, cumbersome to apply, and ultimately overruled as an incorrect interpretation of statutory law. The rule at issue involves the coordination of wage loss benefit programs, a subject adequately addressed by both state and federal statutory law. Retroactive application of the Al Johnson Construction holding will serve only to further the operation of those existing laws. We determine that retroactive application in this matter will produce no great inequity to employers or insurers whó are already having to cancel 14offsets and reimburse those amounts withheld from benefit payments since the time of the Al Johnson Construction decision. To force those entities to make reimbursement from the time the offset was first taken is not inequitable considering that the reimbursement represents the amount to which the claimant was legally entitled at that time.
LWCC has argued in this appeal that this circuit has previously ruled on the retroactivity of the Al Johnson Construction decision in Alleman v. Ke-Co, Inc., 00-1138 (La.App. 3 Cir. 1/31/01), 783 So.2d 409. In that case, this court simply affirmed the workers’ compensation judge’s holding that because Al Johnson Construction is interpretive jurisprudence, it would be applied “retroactively to the date it was rendered.” 783 So.2d 409, 413. In that case, the employer and employee entered into a stipulated judgment providing for a Garrett offset fifteen days prior to the decision in Al Johnson Construction. There was no discussion in the case as to whether the offset was even calculated or taken for those fifteen days. The claimant may not have even asked for retroactive effect for those fifteen days. In any event, we do not find Alternan dispositive of the issue before us.
For the foregoing reasons, we find the rule of law pronounced in Al Johnson Construction to be retroactive in its effect to the date of the Garrett decision. Accordingly, Deville is entitled to reimbursement of all benefits improperly offset from October of 1998 through the time of the consent judgment which is the subject of this appeal. Finding that Deville explicitly waived his right to penalties and attorney’s *803 fees, we decline to address his second assignment of error raising those issues.
REVERSED AND RENDERED.